Opinion
CORRIGAN, J.
We are again called upon to construe Penal Code section 186.22,[1] the California Street Terrorism Enforcement and Prevention Act (the STEP Act) (§ 186.20 et seq.), involving the activity of criminal street gangs. At issue here is section 186.22, subdivision (a) (section 186.22(a)): “Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished . . . .” (Italics added.)[2]
We granted review to resolve a conflict in the Courts of Appeal. Under the language of the italicized phrase, does a gang member violate section 186.22(a) if he commits a felony, but acts alone? The Court of Appeal below concluded that he does not. We agree and affirm the judgment of the Court of Appeal.
BACKGROUND
Defendant was a Norteño gang member from Woodland whose girlfriend lived in Marysville. On May 10, 2007, around 10:30 p.m., Stanley Olsen stepped out of his truck in Marysville. Someone behind him spoke. Olsen turned and saw defendant approaching him. Olsen asked defendant whether Olsen knew him. Defendant responded with a racial epithet and threatened to kill Olsen.
Defendant moved so close to Olsen that the chests of the two men were touching. Defendant demanded Olsen’s money and again threatened him. When Olsen told defendant to go away, defendant punched him in the jaw. The men fell to the ground and defendant continued to beat Olsen. Olsen was ultimately able to get up and run. Eventually, police found defendant in his girlfriend’s nearby apartment, hiding under a bed.
*1129 Two gang experts testified that robbery was a primary activity of the Norteño gang and both opined that the attempted robbery of Olsen was committed for the benefit of the gang. There was no evidence that defendant acted with anyone else.
The jury convicted defendant of attempted robbery and the separate felony of gang participation. It also found true the enhancement allegation that defendant committed the attempted robbery for the benefit of the gang. The court found that defendant had suffered a prior strike conviction and served a prior prison term.[3]
Before sentencing, the trial court granted defendant’s new trial motion as to the gang enhancement allegation under section 186.22, subdivision (b)(1) (section 186.22(b)(1)) for lack of substantial supporting evidence. The prosecution did not seek to retry the allegation, and the court imposed a prison term of eight years four months.
A divided Court of Appeal reversed defendant’s conviction for the separate count of gang participation under section 186.22(a). Over a dissent, the majority concluded that defendant’s commission of the attempted robbery while acting alone did not fall within the statute. We granted the Attorney General’s petition for review and now affirm.
DISCUSSION
“Underlying the STEP Act was the Legislature’s recognition that ‘California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods.’ (Pen. Code, § 186.21.) The act’s express purpose was ‘to seek the eradication of criminal activity by street gangs.’ (Ibid.)” (People v. Gardeley (1996) 14 Cal.4th 605, 609 [59 Cal.Rptr.2d 356, 927 P.2d 713] (Gardeley).) In pursuit of this goal, the STEP Act focuses upon “patterns of criminal gang activity and upon the organized nature of street gangs, which together, are the chief source of terror created by street gangs.” (§ 186.21.)[4]
*1130 In addressing the problem, the STEP Act created a substantive offense, section 186.22(a), which punishes “[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang
The elements of the gang participation offense in section 186.22(a) are: First, active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; second, knowledge that the gang’s members engage in or have engaged in a pattern of criminal gang activity; and third, the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang. (People v. Lamas (2007) 42 Cal.4th 516, 523 [67 Cal.Rptr.3d 179, 169 P.3d 102] (Lamas).) A person who is not a member of a gang, but who actively participates in the gang, can be guilty of violating section 186.22(a). (§ 186.22, subd. (i).) The offense is punishable as a felony with a state prison term of 16 months, two years, or three years, or as a misdemeanor. (§ 186.22(a).)[5]
Mere active and knowing participation in a criminal street gang is not a crime. Applying the third element of section 186.22(a), a defendant may be *1131 convicted of the crime of gang participation only if he also willfully does an act that “promotes, furthers, or assists in any felonious criminal conduct by members of that gang.” (§ 186.22(a).) This case concerns that third element. Specifically, we must determine whether the third element is satisfied when a gang member commits a felony while acting alone.
The parties frame their disagreement around the meaning of the words “promotes, furthers, or assists” in the third element of section 186.22(a). The Attorney General argues the words “promote” and “further” apply to perpetrators of felonious criminal conduct as well as aiders and abettors, and encompass the perpetrator who acts alone. Defendant argues the words “promotes, furthers, or assists” are confined to the action of aiding and abetting, and thus require the involvement of more than one gang member. As we shall explain, it is significant that the offense requires a defendant to promote, further, or assist members of the gang.
“When interpreting statutes, we begin with the plain, commonsense meaning of the language used by the Legislature. [Citation.] If the language is unambiguous, the plain meaning controls.” (Voices of the Wetlands v. State Water Resources Control Bd. (2011) 52 Cal.4th 499, 519 [128 Cal.Rptr.3d 658, 257 P3d 81].) “[W]henever possible, significance must be given to every word [in a statute] in pursuing the legislative purpose, and the court should avoid a construction that makes some words surplusage.” (Agnew v. State Bd. of Equalization (1999) 21 Cal.4th 310, 330 [87 Cal.Rptr.2d 423, 981 P.2d 52].) “[W]e may reject a literal construction that is contrary .to the legislative intent apparent in the statute or that would lead to absurd results . . . .” (Simpson Strong-Tie Co., Inc. v. Gore (2010) 49 Cal.4th 12, 27 [109 Cal.Rptr.3d 329, 230 P.3d 1117].)
This statute has been the object of much appellate parsing. As a result, certain words and phrases in the third element of section 186.22(a) have already been judicially construed. In People v. Albillar, supra, 51 Cal.4th 47 (Albillar), we considered whether the phrase “any felonious criminal conduct” includes an unwritten requirement that the “ ‘felonious criminal conduct’ ... be gang related.” (Id. at p. 51.) We concluded that it does not. The plain, unambiguous language of the statute targets any felonious criminal conduct, not felonious gang-related conduct. (Id. at p. 55.)
As to the phrase “by members of that gang” in section 186.22(a), the Court of Appeal in People v. Green (1991) 227 Cal.App.3d 692, 699 [278 Cal.Rptr. 140] (Green) observed that “ ‘[m]ember’ and ‘membership’ are terms of ordinary meaning, and require no further definition.” Neither the Attorney General nor defendant argues that “members of that gang” connotes anything other than its ordinary meaning. Additionally, “that gang” clearly refers back to the gang in which the defendant is an active participant.
*1132 As to the words “promotes, furthers, or assists,” neither party disputes their usual and ordinary meaning. The Attorney General cites People v. Ngoun (2001) 88 Cal.App.4th 432, 436 [105 Cal.Rptr.2d 837] (Ngoun), in which the Court of Appeal stated: “In common usage, ‘promote’ means to contribute to the progress or growth of; ‘further’ means to help the progress of; and ‘assist’ means to give aid or support. (Webster’s New College Diet. (1995) pp. 885, 454, 68.)”[6]
The Attorney General argues that a gang member satisfies the third element of section 186.22(a) when he commits a felony alone. She observes the statute does not require that one promote, further, or assist other gang members. This argument overlooks the language and grammatical structure of the statute. Section 186.22(a) speaks of “criminal conduct by members of that gang.” (Italics added.) “[M]embers” is a plural noun. The words “promotes, furthers, or assists” are the verbs describing the defendant’s acts, which must be performed willfully. The phrase “any felonious criminal conduct” is the direct object of these verbs. The prepositional phrase “by members of that gang” indicates who performs the felonious criminal conduct. Therefore, to satisfy the third element, a defendant must willfully advance, encourage, contribute to, or help members of his gang commit felonious criminal conduct. The plain meaning of section 186.22(a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member. (See § 186.22, subd. (i).)
The Attorney General acknowledges that section 186.22(a) employs the plural noun “members” and concedes that to “assist[]” in felonious criminal conduct “by members of that gang” requires the participation of more than one person in the criminal act at issue. However, the Attorney General points to section 7, which states in part that “the singular number includes the plural . . . ,” and argues that a gang member may “promoted” or “further[]” the felonious conduct of a member of the gang, namely, the gang member himself, by simply committing the underlying felony alone. In other words, while conceding that a person cannot “assist” himself in committing a crime, the Attorney General urges that a person may “promote” or “further” his own conduct.
*1133 Section 7 also cautions, however, that “[w]ords and phrases must be construed according to the context . . . .” (§ 7, subd. 16.) If the Legislature had intended to criminalize any felonious criminal conduct committed by any active and knowing participant, including one acting alone, the phrase “by members of that gang” would be superfluous. The Legislature could simply have omitted that phrase and said, “Any person who actively participates in any criminal street gang, with knowledge that its members have engaged in a pattern of criminal street gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct, shall be punished . . . .” But that is not what the statute says. We give significance to every word in the statute actually enacted to implement the legislative purpose and avoid a construction that makes some words surplusage. (Agnew v. State Bd. of Equalization, supra, 21 Cal.4th at p. 330.) Because under section 186.22(a) the felonious conduct that is willfully promoted, furthered, or assisted need not be gang related (Albillar, supra, 51 Cal.4th at p. 55), it appears the Legislature purposefully used the phrase “by members of that gang” to qualify the scope of the statute. As we stated in Albillar. “[T]here is nothing absurd in targeting the scourge of gang members committing any crimes together and not merely those that are gang related. Gang members tend to protect and avenge their associates. Crimes committed by gang members, whether or not they are gang related or committed for the benefit of the gang, thus pose dangers to the public and difficulties for law enforcement not generally present when a crime is committed by someone with no gang affiliation. ‘These activities, both individually and collectively, present a clear and present danger to public order and safety . . . .’ (Pen. Code, § 186.21.)” (Albillar, supra, at p. 55.)
Further, this understanding of section 186.22(a) reflects the Legislature’s attempt to avoid any potential due process concerns that might be raised by punishing mere gang membership.[7] In Scales v. United States (1961) 367 U.S. 203 [6 L.Ed.2d 782, 81 S.Ct. 1469] (Scales), the United States Supreme Court addressed the constitutionality of the membership clause of the Smith Act, which criminalized membership in any organization advocating the overthrow of the government by force or violence. In addressing a due process challenge to this provision, Scales stated: “In our jurisprudence guilt is personal, and when the imposition of punishment on a status or on conduct can only be justified by reference to the relationship of that status or conduct to other concededly criminal activity (here advocacy of violent overthrow), that relationship must be sufficiently substantial to satisfy the concept of personal guilt in order to withstand attack under the Due Process Clause of the Fifth Amendment.” (Scales at pp. 224-225, italics added.) The court *1134 concluded that, without more, mere membership in an organization engaged in illegal conduct is not sufficient to establish the required relationship between that membership status and criminal activity. Scales ultimately held the statute passed constitutional muster when it was interpreted “to reach only ‘active’ members having also a guilty knowledge and intent, and which therefore prevents a conviction on what otherwise might be regarded as merely an expression of sympathy with the alleged criminal enterprise, unaccompanied by any significant action in its support or any commitment to undertake such action.” (Id. at p. 228.)
We discussed Scales’ s application to section 186.22(a) in People v. Castenada, supra, 23 Cal.4th 743 (Castenada). There we considered the first element of section 186.22(a) and resolved what constitutes active gang participation. In particular, we concluded that one who “ ‘actively participates in any criminal street gang’ ” need not be a leader in that gang as long as the person’s involvement “is more than nominal or passive.” (Castenada, at p. 747.) Castenada observed: “When our Legislature enacted section 186.22(a), which is at issue here, it was fully cognizant of the guilty knowledge and intent requirements the high court had articulated in Scales.” (Id. at p. 749.) With Scales in mind, the Legislature limited “liability to those who promote, further, or assist a specific felony committed by gang members and who know of the gang’s pattern of criminal gang activity. Thus, a person who violates section 186.22(a) has also aided and abetted a separate felony offense committed by gang members . . . .” (Castenada, at p. 749.) Castenada noted that “[t]hese statutory elements necessary to prove a violation of section 186.22(a) exceed the due process requirement of personal guilt that the United States Supreme Court articulated in Scales . . . .” (Ibid.) We thus rejected the defendant’s claim that section 186.22(a) criminalized lawful association since the statute required that “a defendant ‘actively participate[]’ in a criminal street gang while also aiding and abetting a felony offense committed by the gang’s members.” (Castenada, at p. 751.)
The Legislature thus sought to avoid punishing mere gang membership in section 186.22(a) by requiring that a person commit an underlying felony with at least one other gang member. Scales found the membership provision of the Smith Act constitutional because it criminalized “active” membership coupled with knowledge of the organization’s criminal goals and the specific intent that such goals be furthered. In this context, Scales stated, “we can perceive no reason why one who actively and knowingly works in the ranks of that organization, intending to contribute to the success of those specifically illegal activities, should be any more immune from prosecution than he to whom the organization has assigned the task of carrying out the substantive criminal act.” (Scales, supra, 361 U.S. at pp. 226-227.) As we observed in Albillar, however, section 186.22(a), unlike the gang enhancement in section 186.22(b)(1), does not require a specific intent to further or promote *1135 the gang (only knowledge of the gang’s pattern of criminal activity). (Albillar, supra, 51 Cal.4th at p. 56.) Further, as previously noted, Albillar concluded section 186.22(a) does not require that the underlying felony be gang related. (Albillar, supra, 51 Cal.4th at p. 55.)
It is established, then, that one need not have the specific intent to promote, further, or benefit the gang to violate section 186.22(a), nor must one commit a gang-related felony. As we recently observed in People v. Mesa (2012) 54 Cal.4th 191 [142 Cal.Rptr.3d 2, 277 P.3d 743] (Mesa), in considering the STEP Act, “the Legislature was careful to observe that ‘mere membership [in a gang] is not punishable under the bill. The United States Supreme Court has held that mere association with a group cannot be punished unless there is proof that the defendant knows of and intends to further its illegal aims. [Citation.] This bill imposes sanctions on active participation in the gang only when the defendant knows about and specifically intends to further the criminal activity; or where he knows of the criminal activity and willfully promotes, furthers, or assists it.’ ” (Mesa, supra, 54 Cal.4th at pp. 196-197, citing Scales, supra, 367 U.S. at p. 229.) The Legislature thus recognized the constitutional prohibition against punishing mere gang membership, and its use of the plural “members” in section 186.22(a) reflected the Legislature’s attempt to provide a nexus between the felonious conduct and gang activity that avoided the concerns raised in Scales. (Cf. Green, supra, 227 Cal.App.3d at pp. 703-704 [rejecting a due process challenge against the third element of § 186.22(a) where the Attorney General conceded that one “would also have to be criminally liable as an aider and abettor to any specific crime committed by a member or members of a criminal street gang”].) The Attorney General’s interpretation that a gang member may satisfy the statute simply by committing a felony alone reads out of the statute the nexus between defendant’s conduct and gang activity that the Legislature put in the statute by requiring that one act with another gang member.
The Attorney General and the dissenting opinion below relied upon three Court of Appeal cases to support their position. The court in Ngoun, supra, 88 Cal.App.4th 432, rejected the defendant’s claim that he could not be convicted under section 186.22(a) because he directly perpetrated the underlying felonies rather than aided and abetted another in the commission of those felonies. Ngoun reasoned in part: “An active gang member who directly perpetrates a gang-related offense ‘contributes’ to the accomplishment of the offense no less than does an active gang member who aids and abets or who is otherwise connected to such conduct. Faced with the words the legislators chose, we cannot rationally ascribe to them the intention to deter criminal gang activity by the palpably irrational means of excluding the more culpable and including the less culpable participant in such activity.” (Ngoun at p. 436.) Ngoun's reasoning on this point is uncontroversial. Nothing in the language of section 186.22(a) would suggest that one may not promote, *1136 further, or assist “in any felonious criminal conduct by members of that gang” by either aiding and abetting other gang members in committing a felony or by directly committing a felony with other gang members. Ngoun did not address the present issue of whether one committing a felony alone may violate section 186.22(a).
Ngoun was, nevertheless, interpreted to cover that situation in People v. Salcido (2007) 149 Cal.App.4th 356 [56 Cal.Rptr.3d 912] (Salcido). Salcido challenged the trial court’s instruction that the third element of section 186.22(a) would be satisfied if the jury concluded he “ ‘willfully promoted, furthered or assisted by either directly and actively committing a felony offense or aiding and abetting felonious criminal conduct by members of that gang.’ ” (Salcido, supra, 149 Cal.App.4th at p. 366.) Salcido reasoned, in relevant part; “[The defendant] contends Ngoun stands for the proposition that a ‘[principal] who commits a crime jointly with other gang members is equally liable under section 186.22, subdivision (a).’ Salcido asserts that subdivision (a) imposes liability on perpetrators only if they commit the crime in concert with other gang members. In Ngoun, however, we placed no limitation on our holding. To the contrary, we concluded that the subdivision ‘applies to the perpetrator of felonious gang-related criminal conduct as well as to the aider and abettor.’ [Citation.]” (Id. at p. 368, italics added, quoting Ngoun, supra, 88 Cal.App.4th at p. 436.) In People v. Sanchez (2009) 179 Cal.App.4th 1297 [101 Cal.Rptr.3d 639] (Sanchez), the court held that the defendant forfeited the claim that section 186.22(a) required he commit the underlying felony with other gang members, but suggested, “Even if [that claim] had been raised, however, we would reject it on the authority of Salcido.” (Sanchez, supra, 179 Cal.App.4th at p. 1308.)
Salcido’s extension of Ngoun’s reasoning, to suggest that one who commits a felony alone may satisfy the third element of section 186.22(a), and Sanchez’s endorsement thereof in dictum, are undermined by Albillar, which postdated all three decisions. Salcido relied upon a suggestion in Ngoun that section 186.22(a) “applies to the perpetrator of felonious gang-related criminal conduct as well as to the aider and abettor.” (Ngoun, supra, 88 Cal.App.4th at p. 436, italics added.) Ngoun further reasoned that “[a]n active gang member who directly perpetrates a gang-related offense ‘contributes’ to the accomplishment of the offense no less than does an active gang member who aids and abets or who is otherwise connected to such conduct.” {Ibid., italics added.) Ngoun’s characterization of section 186.22(a) as requiring a “gang-related” offense had little bearing on the issue before it, but that erroneous characterization would change the analysis here. Had section 186.22(a) required the commission of a “gang-related felony,” then, as Salcido suggests, there would be little question that due process principles would not preclude *1137 a lone perpetrator’s conviction under that provision. However, as we concluded in Albillar, section 186.22(a) does not require the commission of a gang-related felony. That conclusion fatally undermined Salcido's reasoning.[8]
Although the Attorney General does not so argue, the dissenting opinion concludes a lone perpetrator may satisfy the third element of section 186.22(a), not because his or her commission of a felony furthers or promotes his or her own conduct, but rather because the commission of the felony emboldens fellow gang members to commit other, unspecified crimes in the future and, thus, “advances the gang’s overall felonious purpose.” (Dis. opn., post, at p. 1143, italics omitted.) Initially, that suggestion seems inconsistent with our prior characterization of section 186.22(a) as requiring the promotion or furtherance of specific conduct of gang members and not inchoate future conduct. (See Castenada, supra, 23 Cal.4th at p. 749 [“section 186.22(a) limits liability to those who promote, further, or assist a specific felony committed by gang members and who know of the gang’s pattern of criminal gang activity” (italics added)]; see also Lamas, supra, 42 Cal.4th at p. 526 [quoting Castenada on this point].) More fundamentally, such an interpretation would upset the balance chosen by the Legislature because it eliminates the nexus between a defendant’s felonious conduct and gang activity that the Legislature has placed in section 186.22(a). Under the dissent’s view, all that would be required to satisfy the third element of section 186.22(a) would be expert testimony that commission of a felony by a gang member would embolden other gang members to commit felonies. However, it could be maintained that every time a gang member commits a felony, other members of the gang would be emboldened to commit felonies as well. Such testimony does little more than assert that the defendant is a gang member and that gangs, by definition, commit crimes as part of their primary activities. (See § 186.22, subd. (f).)
The dissent’s view blurs the distinction between section 186.22(a) and the enhancement under section 186.22(b)(1). Although the dissent acknowledges that section 186.22(a) “does not require that the felony committed by the defendant be for the gang’s benefit,” the dissent asserts that “surely that statute is violated by a felony that is for the gang’s benefit.” (Dis. opn., post, at pp. 1144—1145, original italics.) However, once one recognizes that gang relatedness is not an element of the offense under section 186.22(a), it is unclear how evidence that a felony is gang related, or that one commits a felony with the intent to benefit the gang, in any way satisfies the requirements of section 186.22(a). In short, the dissent reads into section 186.22(a) a requirement of gang relatedness that we expressly held in Albillar did not exist. (Albillar, supra, 51 Cal.4th at p. 56 [“The Legislature clearly knew how *1138 to draft language limiting the nature of the criminal conduct promoted, furthered, or assisted and could have included such language had it desired to so limit the reach of section 186.22(a).”].)
Section 186.22(a) and section 186.22(b)(1) strike at different things. The enhancement under section 186.22(b)(1) punishes gang-related conduct, i.e., felonies committed with the specific intent to benefit, further, or promote the gang. (See Gardeley, supra, 14 Cal.4th at p. 622.) However, “[n]ot every crime committed by gang members is related to a gang.” (Albillar, supra, 51 Cal.4th at p. 60.) As such, with section 186.22(a), the Legislature sought to punish gang members who acted in concert with other gang members in committing a felony regardless of whether such felony was gang related. {Albillar, supra, at p. 55 [“there is nothing absurd in targeting the scourge of gang members committing any crimes together and not merely those that are gang related” (italics omitted)].)
The Attorney General argues that excluding a lone perpetrator within the scope of section 186.22(a) would be “absurd.” To illustrate, she posits a scenario in which a gang leader plans to shoot rival gang members. The gang leader tells his plan to an active participant in his gang and asks the participant to provide the gun. The Attorney General complains that if the gang leader then shoots several rival gang members, he would not be guilty of violating section 186.22(a). She states that the active participant, who was merely the gang leader’s aider and abettor, would be guilty of violating section 186.22(a).
The Attorney General’s hypothetical is wrong in several respects. If the active participant is not a gang member, he would be no more guilty of violating section 186.22(a) than the gang leader because only one member of the gang—the gang leader—committed the shootings. If, on the other hand, the active participant is a gang member, then both the gang leader and the participant are guilty of violating section 186.22(a) as well as crimes relating to the shootings. The active participant, who aided and abetted the shooting by providing the gun, is treated under the law as a principal. (§31.) The shootings would have been committed by both principals—the gang leader and the active participant.
Contrary to the Attorney General’s suggestion, our conclusion does not lead to absurd results. A lone gang member who commits a felony will not go unpunished; he or she will be convicted of the underlying felony. Further, such a gang member would not be protected from having that felony enhanced by section 186.22(b)(1), which applies to “any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, *1139 further, or assist in any criminal conduct by gang members . . . .” Because the gang enhancement under section 186.22(b)(1) requires both that the felony be gang related and that the defendant act with a specific intent to promote, further, or assist the gang, these requirements provide a nexus to gang activity sufficient to alleviate due process concerns. (See Albillar, supra, 51 Cal.4th at p. 56 [noting differences between §§ 186.22(a) and 186.22(b)(1)].) Furthermore, we note that the lone perpetrator’s punishment under the sentencing enhancement would be more substantial than that imposed for a defendant who violates section 186.22(a).[9]
In sum, the Attorney General argues for an expansive interpretation of section 186.22(a) that is not supported by the statutory language. Although the People might prefer a different statute, section 186.22(a) reflects the Legislature’s carefully structured endeavor to punish active participants for commission of criminal acts done collectively with gang members. Defendant here acted alone in committing the attempted robbery. Thus, he did not also violate section 186.22(a).
DISPOSITION
We affirm the judgment of the Court of Appeal.
Werdegar, J., and Liu, J., concurred.

 Further statutory references are to the Penal Code, unless otherwise noted.

 For convenience, we will sometimes refer to section 186.22(a) as the “gang participation” offense.

 Sections 664, 211; section 186.22, subdivisions (a), (b)(1); sections 667, subdivisions (a)-(d), 1170.12, subdivisions (b), (c); and section 667.5, subdivision (b).

 Defendant seeks judicial notice of various legislative materials concerning section 186.22. Exhibits A through C, which counsel obtained from the Legislative Intent Service, reflect statements made by the author of the bill that would become section 186.22. Exhibit A is a copy of a letter written by the author to a committee chairperson, exhibit B reflects the author’s statements to the Senate, and exhibit C shows the author’s statements to the Senate Judiciary Committee. We deny judicial notice as to these items, which, “although bearing a Legislative Intent Service stamp, are not certified copies.” (In re Marriage of Pendleton & Fireman (2000) *1130 24 Cal.4th 39, 47, fn. 6 [99 Cal.Rptr.2d 278, 5 P.3d 839]; see Quelimane Co. v. Stewart Title Guaranty Co. (1998) 19 Cal.4th 26, 46, fn. 9 [77 Cal.Rptr.2d 709, 960 P.2d 513] (Quelimane Co.); Evid. Code, §§ 1401, 1530.) Further, “the views of individual legislators as to the meaning of a statute rarely, if ever, are relevant. . . .” (Quelimane Co., at pp. 45-46, fn. 9.)
Exhibits D, E, and G are copies of Legislative Counsel’s summary digests of the Senate and Assembly versions of the bill and the final versions enacted by the Legislature. “A request for judicial notice of published material is unnecessary.” (Quelimane Co., supra, 19 Cal.4th at pp. 45-46, fn. 9.) We considered similar materials in People v. Albillar (2010) 51 Cal.4th 47 [119 Cal.Rptr.3d 415, 244 P.3d 1062] and People v. Castenada (2000) 23 Cal.4th 743 [97 Cal.Rptr.2d 906, 3 P.3d 278] with respect to section 186.22 without talcing judicial notice of them. (See Albillar, at pp. 56-57; Castenada, at pp. 749-750.) “We therefore consider the request for judicial notice as a citation to those materials that are published.” (Quelimane Co., at pp. 45-46, fn. 9.)
Finally, exhibit F is a copy of a report dated September 27, 1988, from the Legislative Counsel to the Governor regarding the enrolled bill. As we have verified the authenticity of this item from legislative history materials in our possession, we grant defendant’s judicial notice request as to exhibit F only. (See Hisel v. County of Los Angeles (1987) 193 Cal.App.3d 969, 978, fn. 13 [238 Cal.Rptr. 678] [noting that the Legislative Counsel’s report to the Governor regarding an enrolled bill is judicially noticeable].)

 The STEP Act also created a sentencing enhancement. Section 186.22(b)(1) imposes additional penalties for “any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . .” Unlike the substantive offense, the enhancement does not require proof of participation in a gang. It is further distinguished from the substantive offense by applying only to gang-related offenses and by requiring the defendant to act with the specific intent to promote, further, or assist any criminal conduct by gang members.

 Defendant relies on the Oxford English Dictionary for similar definitions. “To assist is ‘[t]o help, aid: a. a person in doing something’ or ‘c. an action, process, or result.’ (1 The Oxford English Diet. (2d. ed. 1989) p. 715, col. 2.).” “To promote means to ‘[f]urther the growth, development, progress, or establishment of (anything); to help forward (a process or result); to further, advance, encourage.’ 12 The Oxford English Diet., supra, p. 616, col. 3.) To further means ‘[t]o help forward, assist (usually things; less frequently persons); to promote, favour (an action or movement.)’ (6 The Oxford English Dict., supra, p. 285, col. 2.)” As these definitions make clear, they are largely tautological.

 We discuss due process principles only to illuminate the Legislature’s choice in requiring the participation of more than one gang member in order to support a conviction under section 186.22(a).

 We disapprove of People v. Salcido, supra, 149 Cal.App.4th 356, and People v. Sanchez, supra, 179 Cal.App.4th 1297, to the extent they are inconsistent with this opinion.

 For example, under section 186.22(b)(1)(A), a defendant receives an additional term of two, three, or four years at the court’s discretion. If the underlying offense is a serious felony, as defined in section 1192.7, subdivision (c), the additional term is five years. (§ 186.22(b)(1)(B).) If the offense is a violent felony, as defined in section 667.5, subdivision (c), the additional term is 10 years. (§ 186.22(b)(1)(C).)
A gang member who is convicted of a violation of section 186.22(a), on the other hand, would presumably be sentenced for the underlying felony as well as the separate conviction under section 186.22(a). The maximum punishment for a violation of section 186.22(a) is three years. Applying section 1170.1, subdivision (a), the defendant would receive, at most, an additional eight-month sentence for the gang offense. We need not consider whether imposition of such a term would be barred by section 654. (See Mesa, supra, 54 Cal.4th at pp. 195-200.)