Filed 2/25/13  P. v. Camacho CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>SALVADOR JAVIER CAMACHO,<br><br>      Defendant and Appellant. | E055232<br><br>(Super.Ct.Nos. SWF027906 & SWF1100437)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Mark E. Petersen, Judge.  Affirmed in part, reversed in part with directions.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel, and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Salvador Javier Camacho appeals his conviction for possession of an illegal dirk or dagger (Pen. Code, former § 12020, subd. (a)(4)), possession of PCP (Health & Saf. Code, § 11377, subdivision (a)) and one count of active gang participation (Pen. Code, § 186.22, subd. (a)). [1]

Defendant contends that the evidence was insufficient to sustain the conviction for active gang participation because the evidence did not show that he acted in concert with another gang member in possessing the PCP or the knife. In *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*), which was decided after the conclusion of briefing in this case, the California Supreme Court held that section 186.22, subdivision (a) requires proof beyond a reasonable doubt that a defendant acted with one or more criminal street gang members in committing a felony. Here, although defendant was in the company of a fellow gang member when he was arrested, there is no evidence that his companion jointly possessed the knife or the PCP. Accordingly, as we will discuss, the conviction for active gang participation must be reversed. Our conclusion that the conviction for active gang participation must be reversed for insufficient evidence renders moot defendant's second contention, that section 654 precludes imposition of an unstayed sentence on the active gang participation count.

---

[1] All further statutory citations refer to the Penal Code unless another code is specified.

PROCEDURAL HISTORY

A felony complaint alleged that on February 24, 2011, defendant carried a concealed dirk or dagger on his person (former § 12020, subd. (a)(4); count 1); possessed PCP (Health & Saf. Code, § 11377, subdivision (a); count 2); and actively participated in a criminal street gang (§ 186.22, subd. (a); count 3). The complaint also alleged that defendant had a prior conviction for possession of marijuana for sale for the benefit of a criminal street gang in violation of Health and Safety Code section 11359, a serious or violent felony within the meaning of section 667, subdivision (a), and a strike prior within the meaning of sections 667, subdivisions (c) and (e)(1) and 1170.12, subdivision (c)(1). The complaint further alleged that the currently charged offenses constituted a violation of defendant's probation in case No. SWF027906.[2]

A jury convicted defendant on all counts. Defendant admitted the prior conviction allegations. The court found defendant in violation of his probation and revoked probation. At sentencing, the court granted defendant's motion to strike the strike prior. It imposed and suspended a sentence of eight years four months and placed defendant on probation for 36 months. In case No. SWF027906, the court imposed and suspended a term of one year four months and reinstated probation.

---

[2] The prior serious felony allegation and the strike allegation both refer to case No. SWF027906. In that case, on April 9, 2009, defendant pleaded guilty to possession of marijuana for sale and admitted an enhancement pursuant to section 186.22, subdivision (b); he was placed on probation for 36 months.

Defendant filed timely notices of appeal from the contested probation violation and from the conviction.

## FACTS

On the afternoon of February 24, 2011, Hemet Police Officer Rene McNish observed defendant walking along a residential street in Hemet with three companions. McNish did not suspect any criminal activity, but he approached and asked if he could talk to them. Defendant agreed. McNish asked if he was on probation, and defendant said that he was. Defendant then agreed to allow McNish to search him. Defendant told McNish that he had a knife and a "sherm" in his pockets. A sherm is a cigarette which has been dipped in liquid PCP. Defendant admitted to McNish that he was a member of South Side Criminals, a Hemet gang. McNish arrested defendant.

The sherm McNish retrieved from defendant's pocket tested positive for PCP, and the knife was of a type defined as a dirk or dagger for purposes of former section 12020. McNish was not able to see the knife until it was removed from defendant's pocket.

LEGAL ANALYSIS

THE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE

CONVICTION FOR ACTIVE GANG PARTICIPATION

Section 186.22, subdivision (a) provides: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years."

Appellate courts were divided as to whether a gang member, acting alone, could be found to have willfully promoted, furthered or assisted in felonious conduct of members of the gang of which he or she was a member. (*Rodriguez*, *supra*, 55 Cal.4th at p. 1128.) In *Rodriguez*, the court held that a conviction for active participation in a criminal street gang required proof that the defendant acted with at least one other gang member in committing the underlying offense. (*Id*. at pp. 1128, 1129-1139.) The court held that "section 186.22[, subdivision] (a) reflects the Legislature's carefully structured endeavor to punish active [gang] participants for commission of criminal acts done *collectively* with gang members." A defendant who acts alone does not violate section 186.22, subdivision (a). (*Rodriguez*, at p. 1139.)

The only one of defendant's companions identified on the record was Jorge Cifuentes, also a member of South Side Criminals. There is no evidence that either of the

5

other two individuals was a gang member. There is no evidence that would allow the conclusion that possession of either the knife or the sherm was attributable to Cifuentes as well as to defendant. Accordingly, defendant acted alone in possessing those items, and his conviction for active gang participation must be reversed for insufficient evidence as a matter of law.

Because defendant's conviction on the active gang participation count must be reversed, his contention that section 654 precludes imposition of an unstayed sentence on that count is moot.

### DISPOSITION

Defendant's conviction on count 3, for violation of Penal Code section 186.22, subdivision (a), is reversed. The cause is remanded for resentencing on counts 1 and 2. The superior court shall set the matter for a sentencing hearing within 30 days after this opinion becomes final.

The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>McKINSTER</u>
J.

We concur:

<u>HOLLENHORST</u>
Acting P. J.

<u>MILLER</u>
J.

6