Filed 4/4/13  In re D.M. CA5
Opinion following order vacating prior opinion

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>D.M.,<br><br>    Defendant and Appellant. | F064450<br><br>(Super. Ct. No. 11CEJ600949-1)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Hamlin, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Wiseman, Acting P.J., Levy, J. and Gomes, J.

It was alleged in a juvenile wardship petition filed November 8, 2011 (first petition), that appellant, D.M., a minor, committed the following offenses: possession of a controlled substance, viz., codeine (Health & Saf. Code, § 11350, subd. (a); count 1), resisting an executive officer (Pen. Code, § 69; count 2)[1], and active participation in a criminal street gang (§ 186.22, subd. (a); count 3).[2] In a second wardship petition, filed December 6, 2011, it was alleged appellant committed two counts of first degree burglary (§§ 459, 460, subd. (a); counts 1 & 4), two counts of active participation in a criminal street gang (§ 186.22(a); counts 5 & 6) and individual counts of grand theft (§ 487, subd. (a); count 2) and grand theft of a firearm (§ 487, subd. (d); count 3). At a jurisdiction hearing covering both petitions, the juvenile court found true all allegations except for count 1 in the first petition. Following the subsequent disposition hearing, the court adjudged appellant a ward of the court and placed him on probation. The court also ordered appellant to pay direct restitution totaling $11,583.19 to the victims of the two burglaries, and a restitution fine of $500 (Welf. & Inst. Code, § 730.6).

In a previous opinion, filed November 27, 2012, we rejected the sole argument raised by appellant on appeal, viz., the claim that the evidence was insufficient to support his adjudication of violating section 186.22(a) as alleged in count 3 of the first petition,[3] and affirmed the judgment.

The California Supreme Court granted review and has now directed us to vacate our prior decision and reconsider this cause in light of *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*).

---

**1**    Except as otherwise indicated, all further statutory references are to the Penal Code.

**2**    We generally refer to subdivisions of section 186.22 in abbreviated form, i.e., 186.22(a) and 186.22(f).

**3**    In his opening brief, appellant presented the argument that the court erred in imposing the restitution fine. In his reply brief, he "retract[ed]" this claim.

Though authorized to do so, the parties have not filed supplemental briefs. (Cal. Rules of Court, rules 8.528(f), 8.200(b), 8.532(b)(2).)

As we explain below, we vacate our prior decision and, having reconsidered the cause in light of *Rodriguez*, we reverse the challenged adjudication.

## FACTS

### *The Relevant Offense[4]*

On October 30, 2011, City of Clovis Police Officer Jason Smoak stopped a car for speeding. Appellant was the driver and sole occupant of the car. After appellant admitted he did not have a driver's license, the officer placed him under arrest for driving without a valid driver's license.

Shortly thereafter, while looking in the car "for information [regarding appellant's] identity, records with the vehicle, insurance, registration," Smoak found a prescription bottle from which the label had been removed. The bottle contained liquid codeine. The officer asked appellant if he had a prescription for the codeine, and appellant responded that he did not. At that point, appellant became "uncooperative," i.e., "he began to tell [Smoak] that it wasn't his, and he said [the officer] didn't have anything on him." Smoak arrested appellant for unlawful possession of codeine and placed him in the back of the patrol car. Smoak then drove appellant to the police station. As he started driving, appellant became "very loud" and "argumentative," and "[h]e continued to yell and continued to be uncooperative" upon arrival at the station. Appellant said, "'Fuck Clovis PD. I'm gonna get out, and when I do I'm gonna get my whip out and slap my 15s every day through Clovis. I'm gonna rip some donuts in all the intersections in Clovis that I can.'" He stated "he was gonna find [Smoak] when he gets out," and he told Smoak he was going to "'find your family, when you're with your

---

**4** Because appellant challenged the sufficiency of the evidence of only one of the offenses of which he stands adjudicated, we limit our factual summary to the facts relevant to that offense.

3

family, and make you pay.'"  Appellant "said he was from the Dog Pound and that he knew how to make [Smoak] pay."

Smoak took appellant's statements as a threat because he (the officer) was "familiar with gangs" and "somewhat familiar with the Dog Pound Gang," and he knew that "gangs are extremely violent and can follow through on their threats."

### Gang Evidence

City of Fresno Police Detective Donovan Pope testified that he is an investigator with the Multi-Agency Gang Enforcement Consortium, he investigates gang crimes and he is "specifically assigned to African-American based criminal street gangs in Fresno." He opined that the Dog Pound is a criminal street gang within the meaning of section 186.22(f)[5] and that appellant is a member of the Dog Pound.[6]  Pope testified that the "primary activities" of the Dog Pound Gang include "illegal weapons possession, felony assaults, and residential burglaries."

The detective also indicated that appellant's actions, as testified to by Officer Smoak, "benefitted the Dog Pound Gang[.]"  He explained:  "The threats to the officer ... [are] just a way of trying to use the gang's violent reputation to instill fear in the officer. [Appellant is] trying to get respect, and the way to do that is to strike fear into somebody."  As a result of doing so, "citizens or witnesses[] ... [are] not [going to] come testify, talk to police.  That allows the gang to operate without any opposition or

---

[5]  Section 186.22(f) provides that for purposes of section 186.22(a), "'criminal street gang' means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity."

[6]  Detective Pope testified extensively as to the bases for these opinions.  We do not summarize this testimony.  Appellant did not challenge, and therefore implicitly conceded the sufficiency of, the evidence on these points.

4

consequence whatsoever. So the attempt at trying to instill fear to deter [the officer] from doing what ... the officer needs to do ... is an example" of how he's trying to use his gang to "continue his illegal activity, and by instilling fear in that officer, his gang's [going to] benefit. It allows him and his fellow gang members to conduct their criminal activities freely without any type of opposition or any attempt to stop him in the future."

## DISCUSSION

"The elements of the gang participation offense in section 186.22(a) are: First, active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; second, knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and third, the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang." (*Rodriguez*, *supra*, 55 Cal.4th at p. 1130.)[7] In *Rodriguez*, *supra*, 55 Cal.4th at p. 1128, our Supreme Court held that where the accused acts alone, the third of these elements is not satisfied. The statute refers to the promotion, furthering or assisting the criminal conduct of the plural "members." (§ 186.22(a).) Thus, "The plain meaning of section 186.22(a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member." (*Rodriguez*, at p. 1132.) As indicated above in our factual summary, appellant acted alone in committing the acts upon which his adjudication of section 186.22(a) as alleged in count 3 of the first petition was based. Therefore, under *Rodriguez*, his adjudication of that offense cannot stand.

---

[7] Section 186.22(a) provides: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years."

**DISPOSITION**

Our prior decision in this case, filed November 27, 2012, is vacated. The true finding on the allegation set forth in count 3 of the wardship petition filed November 8, 2011, that appellant committed a violation of section 186.22, subdivision (a), is reversed. In all other respects, the judgment is affirmed.