Filed 6/21/13  P.v. Evans CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056152 |
| v. | (Super.Ct.No. SWF1100070) |
| DANIEL ROBERT EVANS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Kelly L. Hansen, Judge.

Affirmed in part; reversed in part.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Daniel Robert Evans guilty of attempted premeditated murder (Pen. Code, §§ 664/187, subd. (a), count 1),[1] and active participation in a criminal street gang (§ 186.22, subd. (a), count 2). The jury also found true that defendant personally and intentionally discharged a firearm that proximately caused great bodily injury. (§ 12022.53, subd. (d).)[2] Defendant was sentenced to a total indeterminate term of 32 years to life in state prison with credit for time served as follows: seven years to life on count 1, plus a consecutive term of 25 years to life for the gun enhancement, and a stayed midterm of two years on count 2.

Defendant's sole contention on appeal is that there is insufficient evidence to support his conviction on count 2. In light of the recent decision by the California Supreme Court in *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*), we will reverse the conviction on count 2.

I

FACTUAL BACKGROUND

On January 9, 2011, Aaron Williams went to a Carl's Jr. restaurant in San Jacinto with his uncle Robert Moreno, who has Down syndrome, and his parents. While Williams' parents waited in the car, Williams and Moreno went inside the restaurant to order food. Subsequently, defendant entered the restaurant with his girlfriend, sister, and young nephew.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The jury found the criminal street gang enhancement (§ 186.22, subd. (b)) attached to count 1 not true.

While Moreno was ordering his food, defendant and the two women began giggling. One of the women began yelling, trying to rush Moreno to order faster. Williams became upset and told them to wait their turn as Moreno suffered from Down syndrome. One of the women yelled at defendant "to do something." Williams and defendant thereafter got into a confrontation, with defendant saying, "It seems like you have a death wish. Step outside, and I will grant it to you." The two women kept telling defendant to do something. Defendant then left the restaurant. Shortly thereafter Williams left too to ask his parents whether they wanted to order food.

As Williams was exiting the restaurant, one of the women started yelling and cursing at Williams, and telling defendant to do something. Defendant, who was standing next to a car parked next to Williams' car, pointed a gun at Williams and fired once, shooting Williams' in the side of his cheek. Williams fell to the ground, and defendant fled the scene.

Williams is Hispanic. He had never been in a gang and was unarmed.

A gang expert testified that defendant was an active member of the L-Squad gang, primarily a Black, male-dominated gang with about 35 members located in the San Jacinto area. The L-Squad gang is rivals with Hispanic San Jacinto gangs, primarily the San Jacinto Street gang. The Carl's Jr. restaurant where the shooting occurred was located in L-Squad territory. The primary activities of the gang include theft, burglary, assault, and murder. The gang members display the letter "L" to identify themselves.

L-Squad gang members Davon Jones and Arthur Hoskins were convicted of burglary in 2009, Johnnie Grant of attempted murder in 2009, and Cody Walsh of murder

3

in 2010. Defendant denied being a gang member but claimed that he did not get along with Hispanics from San Jacinto. In addition, defendant maintained communication with L-Squad gang members while awaiting trial in this case.

The gang expert opined that defendant is an active member of the L-Squad gang based on defendant's tattoos, people he associated with, his repeated contacts with other active gang members, and his commission of the crime in this case. The gang expert also concluded that the offense was committed for the benefit of the L-Squad gang, because the shooting "bolsters the L-Squad criminal street gangs through using fear and intimidation and showing that they actually do use violence."

There was no evidence that defendant acted with others in committing the crime in this case.

## II

## DISCUSSION

Defendant contends there was insufficient evidence to support his conviction of active participation in a criminal street gang (§ 186.22, subd. (a), count 2), because there was no evidence that he committed the offense with gang members or that he willfully promoted, furthered, or assisted in felonious criminal conduct by members of the gang in which he actively participated. In light of the Supreme Court's decision in *Rodriguez*, *supra*, 55 Cal.4th 1125, the People agree that defendant's conviction on count 2 should be reversed. We also agree.

Former section 186.22, subdivision (a), imposes punishment for "[a]ny person who actively participates in any criminal street gang with knowledge that its members

4

engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, . . ." The elements of the offense are: "(1) active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; (2) knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and (3) the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang." (*People v. Albillar* (2010) 51 Cal.4th 47, 56.)

Appellate courts were divided as to whether a gang member, acting alone, could be found to have willfully promoted, furthered or assisted in felonious conduct of members of the gang of which he or she was a member. (*Rodriguez*, *supra*, 55 Cal.4th at p. 1128.) In *Rodriguez*, our Supreme Court held that a conviction for active participation in a criminal street gang required proof that the defendant acted with at least one other gang member in committing the underlying offense. (*Id.* at pp. 1128, 1129-1139.) The court held that "section 186.22[, subdivision ](a) reflects the Legislature's carefully structured endeavor to punish active [gang] participants for commission of criminal acts done *collectively* with gang members." (*Rodriguez*, at p. 1139.) A defendant who acts alone does not violate section 186.22, subdivision (a).

Defendant correctly points out that there is no evidence that he acted with other L-Squad gang members in committing the crime in this case. The evidence adduced at trial shows that defendant was accompanied by his sister, girlfriend, and young nephew. There was no evidence that these women were members of the L-Squad gang or that reference to the gang was made during the altercation. The evidence showed that

5

defendant acted entirely alone, unassisted by any gang members and outside the presence of any gang members. Because defendant acted alone in shooting Williams, his conviction for active gang participation must be reversed for insufficient evidence as a matter of law.

## III

## DISPOSITION

Defendant's conviction on count 2 for active participation in a criminal street gang (§ 186.22, subd. (a)) is reversed. The trial court is directed to modify defendant's sentence accordingly and deliver a certified copy of an amended minute order and amended abstract of judgment, each reflecting the modification of the sentence, to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

MILLER _____
J.

CODRINGTON _____
J.

6