Filed 12/16/13  In re Ayache CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re EDWARD ALI AYACHE<br><br>    on Habeas Corpus. | G049290<br><br>(Super. Ct. No. 09ZF0052)<br><br>O P I N I O N |

Original proceedings; petition for a habeas corpus, after judgment of the Superior Court of Orange County.  Petition granted.

Edward Ali Ayache, in pro. per. for Petitioner.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

Petitioner Edward Ali Ayache was convicted of murder (Pen. Code, § 187, subd. (a); all undesignated statutory references are to the Penal Code) carried out for the benefit of a criminal street gang (§ 190.2, subd. (a)(22)), active participation in a criminal street gang (§ 186.22, subd. (a)), and two counts of attempted murder (§§ 187, subd. (a), 664, subd. (a)). The jury found the murder and attempted murders were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)), that Ayache personally discharged a firearm causing death (12022.53, subd. (d)) in connection with the murder, and that he personally discharged a firearm in connection with the attempted murders. Those offenses occurred on November 18, 2000. The jury also found Ayache guilty of three offenses alleged to have occurred on January 9, 2009: possession of a loaded firearm by a felon (§ 12021, subd. (a)(1)), active participation in a criminal street gang (§ 186.22, subd. (a); count six), and a misdemeanor, resisting or delaying a law enforcement officer (§ 148, subd. (a)).

The court sentenced defendant to life without the possibility of parole on the murder and a consecutive 25 years to life on the firearm enhancement alleged in connection with the murder; on one of the attempted murder convictions, a consecutive life term, plus 20 years on the firearm enhancement attached to that offense; on the other attempted murder conviction, a consecutive term of seven years (the middle term) plus 20 years for the attached firearm enhancement. In addition, the court sentenced Ayache to a consecutive term of two years (the middle term) on his conviction for felon in possession of a firearm on January 9, 2009, and a concurrent two-year term on count six. Ayache appealed and we affirmed the judgment (*People v. Ayache* (Mar. 8, 2012, G043201) [nonpub. opn.]) prior the California Supreme Court's decision in *People v. Rodriguez* (2012) 55 Cal.4th 1125 [a defendant acting alone does not violate section 186.22, subdivision (a)].) Ayache acted alone on January 9, 2009, and had *Rodriguez* been decided at the time we considered the issue, we would have reversed his conviction on count six for violation of section 186.22, subdivision (a) on that date. Ayache filed a

2

petition for review. The Supreme Court denied the petition without prejudice to Ayache's right to seek a further remedy depending on the outcome in *Rodriguez*.

After the Supreme Court decided *Rodriguez*, Ayache filed a petition for a writ of habeas corpus in the Supreme Court, seeking vacation of his conviction on count six. The court issued an order to show cause directing the Secretary of the Department of Corrections and Rehabilitation to show cause before us why Ayache is not entitled to relief as conceded by the Attorney General in her informal response to the petition.

The Secretary of the Department of Corrections and Rehabilitation has filed a return conceding Ayache is entitled to relief. We agree. (*People v.* Rodriguez, *supra*, 55 Cal.4th at p. 1128.) Accordingly, we grant the petition and order Ayache's conviction on count six, violation of section 186.22, subdivision (a), in Orange County Superior Court case No. 09ZF0052 vacated.

## III

## DISPOSITION

The petition for a writ of habeas corpus is granted. The conviction for violation of section 186.22, subdivision (a) in count six of Orange County Superior Court case No. 09ZF0052 is ordered vacated. The clerk of the superior court is directed to prepare an amended abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.

3