**NOT FOR PUBLICATION**

DEC 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE DAVID VALDEZ,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>KEN CLARK,<br><br>        Respondent - Appellee. | No. 10-55737<br><br>D.C. No. 8:09-cv-00596-AG-DTB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted December 8, 2014[**]
Pasadena, California

Before: SILVERMAN and BEA, Circuit Judges, and BELL, District Judge.[***]

Jose Valdez appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition challenging his California convictions for witness intimidation,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert Holmes Bell, District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

brandishing a firearm, and street terrorism. We affirm in part, reverse in part, and remand.

The state court reasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), when it denied the claim that appellate counsel was ineffective for failing to raise a juror bias claim on direct appeal. Because there was no specific evidence that any juror was actually biased, the state court reasonably held that Valdez failed to prove both prongs of the *Strickland* test.

The state court reasonably applied *Jackson v. Virginia*, 443 U.S. 307 (1979), to hold that there was sufficient evidence to support the convictions for dissuading a witness with a threat of force in violation of California Penal Code § 136.1(a)(1) and brandishing a firearm in violation of California Penal Code § 417(a)(2). Evidence at trial established that two individuals, Moreno and Gonzalez, had been stabbed and beaten by members of Valdez's criminal street gang, and the victims were scheduled to testify in juvenile court against members of Valdez's gang. On May 16, 2004, the day before the victims were scheduled to testify, Valdez repeatedly advised the victims' friend, Galvan, to tell Moreno and Gonzalez, in effect, to get their stories straight and keep their mouths shut to avoid trouble with Valdez's rival street gang. While issuing this warning to Galvan, Valdez sat in the front passenger seat of a car, leaned back, and ominously allowed Galvan to

observe the assault weapon he was holding on his lap. Valdez admitted that he was a member of the Laurel Hood Thugs criminal street gang, he had the conversation with Galvan, and he carried his assault weapon during the conversation with Galvan. The state court reasonably held that a rational juror could have found that Valdez brandished a firearm and intentionally used threats to dissuade Moreno and Gonzalez from testifying against Valdez's fellow gang members in the juvenile court prosecution. Cal. Penal Code §§ 136.1(c)(1) & 417(a)(2); *People v. Mendoza*, 69 Cal. Rptr. 2d 728, 733-34 (Cal. Ct. App. 1997). In addition, a rational juror could have found that Valdez dissuaded the witnesses with the specific intent to benefit or promote the criminal activity of his gang. Cal. Penal Code § 186.22(b)(1); *People v. Jasso*, 150 Cal. Rptr. 3d 464, 483 (Cal. Ct. App. 2012).

Valdez argues that there is insufficient evidence to support two convictions for violating California Penal Code § 186.22(a), street terrorism or active participation in a criminal street gang. After the district court denied federal habeas relief in this case, the California Supreme Court decided *People v. Rodriguez*, 290 P.3d 1143 (Cal. 2012). *Rodriguez* held that the prosecution must prove that a defendant's underlying felonious criminal conduct in a § 186.22(a) case was committed by at least *two* gang members. *Id.* at 1134. The warden now

3

concedes that, in light of *Rodriguez*, there is insufficient evidence to support the street terrorism conviction alleged to have been committed on May 20, 2004 because Valdez was by himself – not with others – on that occasion. As for the May 16, 2004 incident, the district court has not yet had an opportunity to assess whether that conviction passes muster under *Rodriguez*. We reverse the district court's denial of the sufficiency of the evidence challenges to the two street terrorism convictions and remand for the district court to reconsider the claims in light of *Rodriguez*. We do not reverse the May 20, 2004 conviction at this time because of issues of exhaustion and procedural default that remain for the district court to determine in the first instance.

Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**