**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS ESPARZA, | No. 13-55253 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-01632-CJC-SS |
| v. | |
| DOMINGO URIBE, Jr., Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted January 6, 2015
Pasadena California

Before: KOZINSKI, WARDLAW, and W. FLETCHER, Circuit Judges.

California state prisoner Thomas Esparza appeals the denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

§ 2253. We review de novo the district court's decision to deny Esparza's habeas petition, *see Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir. 2014), and we affirm.

Esparza argues that the state court unreasonably applied the law clearly established in *Jackson v. Virginia*, 443 U.S. 307 (1979), when it held that there was sufficient evidence to support a gang enhancement under California Penal Code § 186.22(b)(1).

Esparza cannot overcome the double layer of deference we must afford the state court's assessment of the sufficiency of the evidence. *See Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) ("We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."). The California Court of Appeal reasonably determined that the gang expert supplied evidence sufficient for the jury to find that (1) Esparza robbed the victim "for the benefit of, at the direction of, or in association with any criminal street gang," and (2) that he did so "with the specific intent to promote, further, or assist in any criminal conduct by gang members." Cal. Penal Code. § 186.22(b)(1).

First, the gang expert testified that Esparza was a member of the Varrio Norwalk gang, that he went out of his way to commit the crime in Varrio Norwalk territory, that it was a typical gang-related robbery, and that committing a robbery

2

in his gang's territory would benefit the gang by intimidating the community and by obtaining money they could use to fund other criminal activity. A reasonable juror could infer from this testimony that the robbery was for the benefit of, or in association with, the Varrio Norwalk gang.

Second, the jury could find, based on the same expert testimony, that Esparza committed the robbery with the specific intent to aid in criminal conduct by other gang members. The gang expert testified that Esparza went out of his way to rob the taxi driver in gang territory and that such robberies earn money for the gang to buy guns to use in illegal drug sales. Individual gang members are the ones who buy and use guns in drug deals, and this constitutes illegal activity. Unlike the expert in *Garcia v. Carey*, 395 F.3d 1099 (9th Cir. 2005), a case upon which Esparza relies, the gang expert here also explained how Esparza's commission of a gang-related crime in his gang's territory would advance gang members' other criminal activities: it would intimidate community members and ward off rival gangs. As a result, the Court of Appeal did not unreasonably determine that the jury could find beyond a reasonable doubt that Esparza acted with the specific intent to aid gang members in criminal conduct.

Esparza incorrectly argues that California courts have held that a defendant must commit the charged criminal conduct in concert with another gang member to

qualify for § 186.22(b)(1)'s enhancement.  The Court of Appeal has rejected this interpretation of state law.  The California Supreme Court has not adopted it, either.  *See People v. Rodriguez*, 290 P.3d 1143, 1152 (Cal. 2012) (noting that "[a] lone gang member...would not be protected from having [his or her] felony enhanced by section 186.22(b)(1)").  Contrary to Esparza's suggestion, *People v. Albillar* does not hold that the jury can only impose the § 186.22(b)(1) enhancement if the defendant acts together with another gang member to commit the charged offense.  244 P.3d 1062, 1075-76 (Cal. 2010).  *Albillar* says only that the jury *may* apply the enhancement under this circumstance.  *Id.*

**AFFIRMED**.