Filed 5/31/13  P. v. Cabrera CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HENRY CABRERA,<br><br>    Defendant and Appellant. | G042390<br><br>(Super. Ct. No. 07CF4087)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David A. Thompson, Judge.  Affirmed in part and reversed in part.

Melissa Hill, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Heather Crawford and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Henry Cabrera of carjacking, attempted second degree robbery, possession of a firearm by a felon, street terrorism, evading police while driving recklessly, receiving a stolen vehicle, carrying a loaded firearm by a gang member, and unlawful driving of a vehicle. The jury found true a gang enhancement for all counts except street terrorism and unlawful driving of a vehicle, and that defendant personally used a firearm while committing the first two crimes. In a bench trial the court found defendant had suffered both a prior strike conviction and a prior serious felony conviction, and served a prior prison term. It sentenced him to 30 years to life.

Defendant challenges the sufficiency of the evidence supporting the street terrorism conviction and the gang enhancement. He also argues the court erred by excluding a statement he claims was admissible under Evidence Code section 356, and by failing to instruct the jury on a crime on which the prosecution relied to prove the primary activity element of the gang charge and allegations. In a prior opinion, filed November 30, 2010, we affirmed the judgment. The California Supreme Court granted review and, on March 13, 2013, transferred the matter to us with directions to vacate our earlier decision and to reconsider the cause in light of *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*). Following the transfer, the parties did not submit further briefs or request oral argument. We have now reconsidered the cause and issue our revised opinion. In light of *Rodriguez*, we conclude insufficient evidence supports the street terrorism conviction and reverse that count, but otherwise affirm the judgment.

FACTS

As Julio Torrez parked his car, two men, wearing dark blue or black sweatshirts with hoods, ran toward him. One of them, holding a gun, demanded Torrez give him money and the car keys. The second man entered the car on the passenger side and the man with the gun got into the driver's side and drove away.

2

After receiving a report of a carjacking police found the car. Inside were two Hispanic men wearing dark sweatshirts with hoods, as described in the report. When the police first began following the car they saw the passenger throw a gun out the window, after which followed a high-speed chase. When the car stopped, the passenger jumped out and ran. Defendant, in the driver's seat, surrendered. Several items, including the stereo and tools, were missing from the car.

Torrez could not positively identify the gun as the one used but said it looked similar. At an in-field show up, Torrez was not absolutely sure defendant was the one who had taken the car. He was afraid of retaliation by the two men. About six weeks later Torrez picked defendant out of a six-pack photo lineup but at trial testified he did not recall whether he had identified him. A search of defendant's residence revealed a dark blue sweatshirt, other dark blue clothes, and a holster.

Officer Ronald Castillo testified as the gang expert. He had served 15 years in the gang unit, including 12 years as its supervisor. He assisted other gang detectives, determined whether gang charges should be filed, and interacted with gang members. He had investigated more than 1,000 gang cases and interviewed more than 5,000 gang members about their claimed territories, allies, rivals, loyalty, respect, guns, and graffiti.

Castillo was familiar with the Highland Street gang, having been assigned to its claimed turf since he joined the police department in 1984, and had spoken to some of its members, although not for a couple of years and not with the 15 members active when the carjacking occurred. He described Highland Street as a traditional Hispanic gang and identified its claimed territory, membership, symbol, predicate crimes, plus its allied and rival gangs. Castillo testified the gang's primary activities were possession of narcotics for sale and auto theft. He cited four narcotics arrests and five auto theft arrests of members of Highland Street, all between 2003 and 2007. This testimony was based on his review of police reports and arrest reports he had studied to determine whether to file gang charges.

3

The two predicate crimes were attempted first degree burglary and street terrorism in 2006 and carjacking, receiving stolen property, possessing a firearm near a school, and street terrorism in 2007. As to the earlier crime, Castillo testified he knew and had contacts with the defendant and had reviewed arrest reports and related documents. As to the second set of crimes, he conducted a background check, including review of police reports and gang notices.

Castillo opined that on the date of the charged crimes, Highland Street was a criminal street gang. He explained the concept and importance of respect in the gang subculture, testifying it is obtained by committing crimes. He noted a gang's goal is to engender fear in the community to prevent opposition or cooperation with police or prosecutors. Consequently, victims often are hesitant to testify for fear of retaliation. Possessing a firearm increases a gang member's respect and is useful in committing crimes, including carjackings and when selling drugs. A sign of respect is to inform other gang members in a car if it contains a gun. The occupants will be aware it is available for use or to dispose of if the car will be stopped by police.

Castillo did not know defendant personally but had checked his background. He reviewed police reports and four STEP (Street Terrorism Enforcement and Prevention) notices issued between 2003 and 2007. They included information defendant had associated with two other gang members, grew up in the area claimed by Highland Street, and had been "claiming" his membership in the gang since he was in the sixth grade. Defendant had written "Highland" on a school door and a chair in his bedroom. Castillo also reviewed a postarrest interview with defendant, where defendant admitted being "documented" as a gang member for four years. On the basis of all those facts, it was Castillo's opinion defendant was a gang member.

The prosecutor then presented a hypothetical question based on the facts of the case. Before Castillo answered the court instructed the jury with CALJIC No. 2.82, which stated that all facts assumed in the hypothetical were not necessarily true, although

4

they could be and the jury was to decide when evaluating the expert's testimony. Castillo then testified he was of the opinion the hypothetical facts showed the crimes were committed for benefit of Highland Street.

Carjacking benefitted the gang because, as members had told Castillo, carjacked or stolen cars are used to commit other crimes. Additionally, gang members can more easily avoid police than if they used their own cars. Carjacking also enhances the status of the gang and the member. If a gun is used it engenders fear and residents are less likely to call the police. Gangs use fear to operate by controlling the community located within their claimed turf.

## DISCUSSION

### 1. *Sufficiency of the Evidence*

#### *a. Introduction*

Defendant challenges his conviction for the crime of street terrorism and the true findings on gang enhancement. He contends there was insufficient evidence of Highland Street's primary activities as defined under Penal Code section section 186.22, subdivisions (e) and (f) (unless otherwise indicated all further statutory references are to this code unless otherwise indicated), and therefore the prosecution failed to prove it was a criminal street gang. He also argues he did not commit the acts with another gang member. Further he claims there was no substantial evidence that (1) the other charged crimes were committed in association with, at the direction of, or to benefit the gang, or (2) he had the specific intent to promote the gang or himself within the gang.

#### *b. Proof Highland Street is a Criminal Street Gang*

A criminal street gang is "any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary

activities the commission of [several enumerated felonies, including sale of narcotics and theft of a vehicle] having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity." (§ 186.22, subds. (f), (e)(4) & (10).)

Defendant maintains the prosecution did not prove Highland Street's primary activity because the only evidence was Castillo's testimony, which he argues was based solely on inadmissible hearsay. But it is settled the primary activities element may be proven by expert testimony that the criminal street gang "was primarily engaged in . . . statutorily enumerated felonies. [Citation.]" (*People v. Sengpadychith* (2001) 26 Cal.4th 316, 324.)

Defendant challenges Castillo's reliance on police reports and STEP notices as insufficient bases to support his opinion as to Highland Street's primary activities, and includes a claim Castillo never testified as to the basis for his opinion that some of the auto thefts and all of the drug crimes were committed by members of Highland Street. The record reveals otherwise.

Castillo had worked in some capacity as a gang officer for 15 years, and was previously assigned to patrol the territory Highland Street claimed. He had spoken to and was familiar with Highland Street members, including those who had committed crimes. He described typical Hispanic gangs in general and Highland Street in particular, explaining turf, clothing, symbols, respect, alliances, and rivals. He not only reviewed police reports, but read all department in-custody reports to determine whether gang charges should be filed. These reports are the type of documents on which experts may reasonably rely (*People v. Gardeley* (1996) 14 Cal.4th 605, 618, 619-620; *People v. Gamez* (1991) 235 Cal.App.3d 957, 967, disapproved on another ground in *People v. Gardeley, supra*, 14 Cal.4th at p. 624, fn. 10) and gave Castillo an opportunity to look for instances of Highland Street's gang activity.

As to the basis for his testimony the narcotic and auto theft crimes were committed by members of Highland Street, Castillo listed the five drug arrests by members of Highland Street. The prosecutor also asked for specific cases of auto thefts. Although he did not explicitly inquire whether the crimes were committed by gang members, the jury could reasonably infer from the context that was the basis of the testimony. There is no requirement the prosecution introduce proof of convictions for those activities. (*In re Leland D.* (1990) 223 Cal.App.3d 251, 258.)

Likewise we reject defendant's claim the prosecution needed to show the particular narcotics the gang sold. The arrest reports, in conjunction with the other information to which Castillo testified, were sufficient foundation for his opinion. (*People v. Gardeley, supra,* 14 Cal.4th at pp. 619-620; *People v. Martinez* (2008) 158 Cal.App.4th 1324, 1330; *People v. Ortiz* (1997) 57 Cal.App.4th 480, 484-485, fn. 3.) Looking at all the evidence most favorably to the prosecution a reasonable jury could find Highland Street was a street gang. (*People v. Martinez, supra,* 158 Cal.App.4th at pp. 1329-1330.)

That Castillo never spoke to current Highland Street members does not vitiate the foundation, and neither he nor the prosecution had a duty to obtain and present criminal records of those members or testimony from other witnesses. *United States v. Mejia* (2d Cir. 2008) 545 F.3d 179, on which defendant relies, does not change our result. As a federal appellate court decision it is not binding. (See *People v. Crittenden* (1994) 9 Cal.4th 83, 120, fn. 3.)

Taking a different tack defendant asserts the prosecution's reliance on hearsay violated the confrontation clause, citing *Mejia.* This issue was not properly briefed, lacking its own separate heading as required by the California Rules of Court, rule 8.204(a)(1)(B). Even on the merits, the argument fails. The evidence of the gang's primary activities was based not on hearsay, but on Castillo's opinion developed through his personal experience, training, and knowledge in addition to the documents, on which

7

an expert may reasonably rely in forming an opinion. (*People v. Cooper* (2007) 148 Cal.App.4th 731, 747 [hearsay used solely as basis for expert's opinion not testimonial].)

In a related argument defendant asserts the hypothetical posed to Castillo was improper because the facts presented to him "precisely mirrored" the actual facts of the case. In *People v. Vang* (2011) 52 Cal.4th 1038, the Supreme Court held a gang expert "properly could, and did, express an opinion, based on hypothetical questions that tracked the evidence . . . ." (*Id*. at p. 1048.) And, as discussed above, there was sufficient foundation for Castillo's opinion.

### c. Street Terrorism

In *People v. Rodriguez, supra,* 55 Cal.4th 1125, Justice Corrigan authored an opinion signed by Justices Werdegar and Liu. Justice Baxter issued a concurring opinion. The only significant difference between the lead opinion and the concurrence is that Justice Baxter based his conclusion solely on the plain meaning of section 186.22, subdivision (a). (*People v. Rodriguez, supra,* 55 Cal.4th at p. 1140.) That subdivision provides for the punishment of, "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang. . . ." (§ 186.22, subd. (a).) The four justices all agree that, in the words of the concurrence, "the gang offense requires felonious criminal conduct committed by at least two '[gang] members,' including any defendant who is a member of 'that gang.'" (*People v. Rodriguez, supra,* 55 Cal.4th at p. 1140.) Thus, a majority of the justices agree the statute is not violated unless the crime is committed by at least two gang members.

Defendant's contention he was not guilty of count 4, street terrorism, under section 186.22, subdivision (a) is thus well taken. There is no evidence Pablo Jimenez, his cohort, was a fellow gang member. Thus there is insufficient evidence defendant

8

committed this crime and the guilty verdict as to count 4 must be set aside. Because the court sentenced defendant to a concurrent sentence under count 4, resentencing is not required. It is sufficient that the abstract of judgment be corrected to reflect this change.

### d. The Gang Enhancement

The gang enhancement attaches if felonious conduct is "committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." (§ 186.22, subd. (b)(1).) "[T]o prove the elements of the criminal street gang enhancement, the prosecution may, as in this case, present expert testimony on criminal street gangs. [Citation.]" (*People v. Hernandez* (2004) 33 Cal.4th 1040, 1047-1048.)

Defendant claims Castillo's opinion was the only evidence supporting the enhancement and it was not competent because its sole support was defendant's gang membership and past criminal activity. Not so.

In addition to those two pieces of information, as detailed above, Castillo testified to his years of experience as a gang investigator and supervisor, his familiarity with Hispanic gangs in general and Highland Street in particular, including crimes its members had committed. Also, when presented with a hypothetical question analogous to defendant's crimes, Castillo testified they would have been committed for the benefit or at the direction of or in association with Highland Street and explained why.

Defendant notes he did not act with another gang member, had no visible tattoos, the victim was not a gang member, he did not he yell a gang slogan, display a gang sign, or inscribe graffiti. But the fact there is conflicting evidence, the resolution of which is the jury's responsibility, does not supersede the evidence supporting the jury's findings. (*People v. Guerra* (2006) 37 Cal.4th 1067, 1129, disapproved on another ground in *People v. Rundle* (2008) 43 Cal.4th 76, 151.) Further, defendant points out

9

carjacking is not a primary activity of Highland Street.  As for this assertion, there is no requirement the crime to which the enhancement applies must be the gang's primary activity; section 186.22, subdivision (b)(1) applies to the conviction of any felony.

Cases defendant cites, such as *People v. Ramon* (2009) 175 Cal.App.4th 843 and *People v. Ochoa* (2009) 179 Cal.App.4th 650, while at first glance seem to support his argument, falter on a closer reading.  *Ramon* ruled an expert's opinion the defendant's receipt of a stolen car was committed for the benefit of his gang, expressed in response to a hypothetical question, was not based on any facts.  That the defendant's cohort was also a gang member and they were in gang territory, by themselves, were insufficient.  (*People v. Ramon, supra,* 175 Cal.App.4th at p. 851.)  In *Ochoa* there was no evidence of the gang expert's experience with and knowledge of the gang nor was a hypothetical posed.  We have more evidence than in either of those cases, as discussed, and it is sufficient.

Finally, *People v. Rodriguez, supra,* 55 Cal.4th at p. 1130, makes it clear the fact defendant's partner in crime was not a member of the gang is irrelevant.  Both the lead opinion and the concurrence agree that "[u]nlike the substantive offense, the enhancement does not require proof of participation in a gang[]" (*id.* at p. 1130, fn. 5.), and "[s]ection 186.22[, subdivision] (b)(1)'s reference to promoting, furthering, or assisting gang members . . . merely describes a culpable *mental state*[]" (*id*. at p. 1141).

*2.  Exclusion of Evidence*

Part of the basis for Castillo's opinion defendant belonged to Highland Street and committed the crimes for the gang's benefit was that defendant told the police during a postarrest interview "he was documented as a Highland Street member in 2003.  He said he was never jumped in because he grew up in the neighborhood.  He said this is why he associates with Highland Street."  Later, citing to Evidence Code section 356, defense counsel sought to introduce another statement defendant made during that

interview, "I didn't take the car. I found it with the keys in it and drove it away." The prosecutor objected on the ground the statement was hearsay. The court sustained the objection, ruling Evidence Code section 356 did not apply because the statement was unrelated to defendant's gang membership comments.

Evidence Code section 356 provides that if one party introduces part of a statement or writing, "the whole on the same subject may be inquired into by an adverse party; . . . and when a detached . . . conversation . . . is given in evidence, any other . . . conversation . . . which is necessary to make it understood may also be given in evidence." Defendant claims his statements relating to gang membership were a "'detached'" portion of his interview, entitling him to introduce the statement as to how he gained possession of the car. But defendant has failed to take into account the remaining portion of the statute that allows introduction of additional parts of the conversation only if they are needed to explain the statement in evidence. Here, the portion of the postarrest interview defendant sought to introduce had nothing to do with his admission of gang membership. Thus the court did not abuse its discretion (*People v. Brady* (2010) 50 Cal.4th 547, 558) in excluding the statements.

*3. Jury Instructions*

The two primary activities attributed to Highland Street were possession of narcotics for sale and car theft. The court instructed the jury as to car theft but gave no instruction as to the narcotics crime. Defendant argues the court erred by failing to instruct sua sponte on the latter crime because, to determine Highland Street was a criminal street gang, the jury had to find that possession of narcotics for sale was one of the gang's primary activities.

Section 186.22, subdivision (f) states the prosecution need only prove one crime as a primary activity. Because the jury was instructed on car theft, even assuming

11

the court should have also instructed as to drug crimes, failure to do so was harmless beyond a reasonable doubt.  (*People v. Sengpadychith, supra,* 26 Cal.4th at p. 326.)

DISPOSITION

Appellant's conviction on count 4 is reversed and the clerk of the superior court is directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment reflecting this change.  As so modified, the judgment is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

BEDSWORTH, J.

FYBEL, J.