**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMIRO ALEX HUERTA, | No. 12-55815 |
| Petitioner - Appellant, | D.C. No. 8:11-cv-01045-RGK-JPR |
| v. | |
| DERRAL G. ADAMS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted November 5, 2013[**]
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Ramiro Huerta was sentenced to seventeen years to life in prison by a California

state court based on his role in a jailhouse attack on a fellow inmate. He presents two

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

issues on appeal from the district court's denial of his habeas corpus petition. First, he argues that the California Court of Appeal unreasonably applied clearly established federal law because there was constitutionally insufficient evidence to support his gang-related sentencing enhancement and street terrorism conviction. Second, he raises an uncertified ineffective assistance of counsel claim. We affirm the district court's judgment with respect to the gang enhancement, reverse with respect to the street terrorism conviction, and dismiss the uncertified issue for lack of jurisdiction.

Under *Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979), Huerta's insufficiency of the evidence claims can only succeed if, viewing all the evidence in the light most favorable to the prosecution, no rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. "Insufficient evidence claims are reviewed by looking at the elements of the offense under state law." *Emery v. Clark*, 643 F.3d 1210, 1214 (9th Cir. 2011) (per curiam); *accord Jackson*, 443 U.S. at 324 n.16. The California Court of Appeal did not unreasonably apply clearly established federal law in concluding that Huerta's gang enhancement under California Penal Code § 186.22(b)(1) was supported by sufficient evidence. *See* 28 U.S.C. § 2254(d)(1). The prosecution presented evidence that Huerta and his codefendant were gang members who carried out a vicious jailhouse assault on another gang member for the benefit of, or in association with, their

respective street gangs. Huerta principally disputes the prosecution's use of gang-expert testimony to prove the elements of this enhancement, but the jury was entitled to consider such testimony, which focused on gang culture and also included specific hypotheticals tailored to the facts of this case. *See, e.g.*, *Emery*, 643 F.3d at 1214; *People v. Albillar*, 244 P.3d 1062, 1073–74 (Cal. 2010). Accordingly, sufficient evidence supports Huerta's gang enhancement, and the California Court of Appeal's decision is not contrary to clearly established federal law. *See Jackson*, 443 U.S. at 319.

By contrast, the California Court of Appeal unreasonably applied clearly established federal law in concluding that Huerta's street terrorism conviction under California Penal Code § 186.22(a) was supported by sufficient evidence. *See* 28 U.S.C. § 2254(d)(1). This offense requires that the defendant "willfully promote[d] . . . any felonious criminal conduct by members of *that gang*." Cal. Penal Code § 186.22(a) (emphasis added). In *People v. Rodriguez*, 290 P.3d 1143, 1147 (Cal. 2012), the California Supreme Court unambiguously stated that the "that gang" phrase in the street terrorism statute "clearly refers back to the gang in which the defendant is an active participant." Huerta and his codefendant, Carlos Luna, were members of separate gangs when they attacked the victim. The prosecution did not present evidence that any member of Huerta's gang was present at the assault other than

3

Huerta. Thus, there was no evidence showing that Huerta participated in felonious conduct with other members of his own gang. *See id.* at 1146–48. Consequently, the California Court of Appeal's decision is contrary to clearly established federal law. *See Jackson*, 443 U.S. at 319; *see also Luna v. Herrington*, No. 12-55443 (9th Cir. May 21, 2013) (memorandum disposition) (holding that the California Court of Appeal unreasonably applied clearly established federal law in concluding that sufficient evidence supported the defendant's street terrorism conviction when he was the only member of his gang who participated in the assault).

Finally, we construe Huerta's inclusion of an uncertified ineffective assistance of counsel claim as a motion to expand the Certificate of Appealability. *See* 9th Cir. R. 22-1(e). To prevail on such a motion, Huerta must make a substantial showing of the denial of a constitutional right by demonstrating that this issue is debatable among jurists of reason, that a court could resolve the issue in a different manner, or that the question is adequate to deserve encouragement to proceed further. *See Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007).

Huerta has failed to make such a showing here. The record establishes that Huerta's counsel asked for and received permission to interview the victim about whether "he is going to testify or not," and the court ordered a recess. After the recess, Huerta's counsel indicated that he had spoken with the victim and decided not

4

to call the victim as a defense witness after evaluating Huerta's position. As an informed strategic choice, Huerta's counsel's decision is "virtually unchallengeable." *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). Accordingly, we decline to expand the Certificate of Appealability and dismiss Huerta's uncertified issue for lack of jurisdiction. *See Doe*, 508 F.3d at 569.

This matter is remanded to the district court with instructions to grant the writ consistent with this disposition.

**AFFIRMED in part; REVERSED in part and REMANDED.**

Each party shall pay its own costs on appeal.