Filed 4/20/20

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RUDY ALEX PEREZ,<br><br>        Defendant and Appellant. | E072260<br><br>(Super.Ct.Nos. RIF154575 &<br>RIF143982)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Emma C. Smith, Judge. Affirmed.

Steven L. Harmon, Public Defender, William A. Meronek, Deputy Public Defender for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

# FACTUAL AND PROCEDURAL HISTORY

### A.    PROCEDURAL HISTORY

In 2009, in Riverside County case No. RIF143982, defendant and appellant Rudy Alex Perez pled guilty to active gang participation under Penal Code[1] section 186.22, subdivision (a), and unlawful possession of a firearm under section 12025, subdivision (b)(6).  In 2010, in Riverside County case No. RIF154575, defendant pled guilty to residential burglary under section 459, and active gang participation under section 186.22, subdivision (a).  In August of 2018, the People filed a new felony complaint in case No. RIF1803562, and alleged one of the prior gang participation convictions as a strike prior.

On October 19, 2018, defendant filed a motion to vacate the two prior gang participation convictions based upon changes in the law that rendered them invalid.  On December 28, 2018, the court denied defendant's motion.  On January 4, 2019, defendant filed a motion to reconsider the order denying his motion to vacate.  On February 22, 2019, the court denied defendant's motion for reconsideration.

On February 22, 2019, defendant filed a timely notice of appeal from the denial of his motion to vacate the convictions.

### B.    FACTUAL HISTORY

In May 2008, defendant, a known member of the Corona Varrio Locos street gang, was carrying a loaded pistol while walking down the street.  When he noticed a police car

---

[1]  All statutory references are to the Penal Code unless otherwise specified.

following him, defendant dropped the weapon into a gutter. The officer heard the sound of metal hitting the concrete and stopped defendant to investigate. When the officer searched defendant, he found nothing. However, the officer found a pistol, loaded with bullets, when he went back to the place where he heard the metallic sound.

In October of 2009, defendant, still a known member of the Corona Varrio Locos street gang, broke into and burglarized a home in Norco by smashing the glass window of the rear garage door. Defendant stole an Xbox gaming system, electronic devices, tools, and a 30-caliber rifle from the home.

In both May and October of 2008, defendant acted alone.

## DISCUSSION

### A.   THE TRIAL COURT PROPERLY DENIED DEFEDANT'S MOTION TO VACATE HIS CONVICTIONS UNDER SECTION 1473.7

Defendant contends that the trial court erred in denying his motion to vacate his prior street terrorism convictions. For the reasons set forth below, we shall affirm the trial court's order.

#### 1.   *LEGAL BACKGROUND*

Section 1473.7, subdivision (a)(2) provides in pertinent part that "[a] person who is no longer in criminal custody may file a motion to vacate a conviction" on the basis that "[n]ewly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." A motion based on newly discovered evidence must be filed "without undue delay from the date the moving party discovered, or could have discovered with the exercise of due diligence, the

3

evidence that provides a basis for relief under this section." (*Id.*, subd. (c).) Section 1473.7, subdivision (e)(1) provides in part that "[t]he court shall grant the motion to vacate the conviction . . . if the moving party establishes, by a preponderance of the evidence, the existence of any of the grounds for relief specified in subdivision (a)." Thus, the defendant has the burden to demonstrate entitlement to relief under section 1473.7. (*People v. Perez* (2018) 19 Cal.App.5th 818, 829.)

"There is no published decision addressing the applicable standard of review of an order denying a motion to vacate a conviction under section 1473.7." (*People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 75.) In general, we review orders granting or denying motions to vacate convictions for abuse of discretion. (See *id.* at p. 76.) To the extent our decision rests on a question of statutory interpretation, however, our review is de novo. (Cf. *People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

        2.     *ANALYSIS*

In this case, defendant pled guilty to street terrorism under section 186.22, subdivision (a), in 2009 and 2010. It is undisputed that while committing these offenses, defendant acted alone. However, subsequent to defendant's guilty pleas, in 2012, the California Supreme Court held that a defendant must act in concert with a fellow gang member in order to be guilty of street terrorism. (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1134.) At that time, defendant could have filed a state habeas petition requesting relief under *Rodriguez*. He did not. Defendants can lose remedies that are established by law when they fail to invoke such remedies in time. (*People v. Kim* (2009) 45 Cal.4th 1078, 1099.)

On January 1, 2017, section 1473.7 became effective. Almost two years later, in October of 2018, defendant filed a motion to vacate the two prior gang participation convictions under section 1473.7. The trial court denied defendant's motion. Whether we review the trial court's ruling under the abuse of discretion or de novo standard of review, we find that the court properly denied defendant's motion under section 1473.7.

As noted above, section 1473.7 requires that a defendant may file a motion to vacate a conviction based upon newly discovered evidence of actual innocence. Here, in defendant's motion filed in the trial court, defendant failed to state what new evidence was discovered. Instead, defendant argued that under section 1473.7, the trial court was allowed "to vacate a conviction where the defendant is innocent as a matter of law or where vacating the conviction is in the interest of justice, even though the defendant is no longer in custody or otherwise restrained by the conviction." The trial court denied defendant's motion because he failed to provide newly discovered evidence. Defendant filed a motion to reconsider. The trial court denied the motion to reconsider.

Defendant, in his motion to reconsider and on appeal, contends that there was newly discovered evidence—"specifically the police reports showing that [defendant] acted alone with respect to each of the 2009 and 2010 convictions for active gang participation, and testimony from a preliminary hearing transcript showing that he acted alone with respect to the 2009 conviction." Although defendant acknowledges that "the police reports and preliminary hearing transcript existed at the time of the relevant convictions," defendant argues that "at that time they were not 'evidence' (at least with respect to the instant claims) because proof that a defendant acted alone was not relevant

5

to a conviction under section 186.22(a). [Citation.] At the time of the convictions in RIF154575 and RIF143982 the active gang participation offense could be perpetrated by a lone actor. [Citation.] Thus, at the time of those convictions it was irrelevant whether defendant acted alone or with other gang members."

We first address the relevancy of the evidence that defendant acted alone. Under Evidence Code section 210, " 'relevant evidence' means evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." Although defendant argues that the police reports were not relevant to his case at the time he pled guilty, we disagree. Defendant could have used the police reports to argue that because he was acting alone, he was not acting on behalf of or at the behest of a gang. Just because defendant chose to plead guilty does not mean that the evidence was not relevant to his potential defense.

Moreover, although Penal Code section 1473.7 does not define the phrase "newly discovered evidence," the phrase has been defined elsewhere in the Penal Code. (See *Estate of Thomas* (2004) 124 Cal.App.4th 711, 720 ["consistent usage implies consistent meaning: 'A word or phrase, or its derivatives, accorded a particular meaning in one part or portion of a law, should be accorded the same meaning in other parts or portions of the law' "]; accord, *Scottsdale Ins. Co. v. State Farm Mutual Automobile Ins. Co.* (2005) 130 Cal.App.4th 890, 899.) Those definitions consistently describe newly discovered evidence as testimony, writings and similar things described in Evidence Code section 140 (which defines "evidence"), *discovered after trial or judgment, and that with*

6

*reasonable diligence could not have been discovered earlier.* (E.g., Pen. Code, §§ 1181, subd. 8, 1473, subd. (c)(3)(B), 1473.6, subd. (b); see also Evid. Code, § 140.)

Defendant seeks to expand this definition by arguing that the police reports and preliminary hearing transcript—that were known to exist *prior* to his convictions— constitute newly discovered evidence because of the change in the law. We disagree with defendant's position, and interpret the term "[n]ewly discovered evidence" in section 1473.7, subdivision (a)(2) using its conventional, commonsense meaning. (*Heritage Residential Care, Inc. v. Division of Labor Standards Enforcement* (2011) 192 Cal.App.4th 75, 82 ["Where a statutory term 'is not defined, it can be assumed that the Legislature was referring to the conventional definition of that term' "].) The publication of a new appellate opinion is not newly discovered evidence as that term is used in section 1473.7, subdivision (a)(2). Defendant did not put forward any newly discovered evidence, and therefore has failed to demonstrate eligibility for relief under section 1473.7.

However, if these two prior convictions are alleged as prior convictions in future cases, defendant is not without a remedy. Defendant can file a motion under section 1385 and *People v. Superior Court* (*Romero*) 13 Cal.4th 497 to dismiss the prior convictions. When denying defendant's motion to vacate, the trial court noted: "To the extent that the government's interest in the finality of judgment unjustly subjects you to the three-strikes law for conduct that does not actually constitute a strike, it is this Court's belief that the only recourse available is a *Romero* motion."

While the outcome in this case may be unfortunate for defendant, we are not here to rewrite legislation.  The Legislature could amend section 1473.7 to address issues raised in this case.  However, under the laws, as written, we must uphold the trial court's order.

## DISPOSITION

The trial court's denial of defendant's motion to vacate the convictions under section 1473.7 is affirmed.

CERTIFIED FOR PUBLICATION

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

MENETREZ
J.

8