Filed 12/15/21  P. v. Dorsey CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059841 |
| v. | (Super. Ct. No. 03NF3450) |
| EDWARD DEWAYNE DORSEY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Spolin Law and Aaron Spolin for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

The trial court denied defendant Edward Dewayne Dorsey's request for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). We affirm. The purpose of a *Franklin* hearing is to preserve evidence for a later youth offender parole hearing. By statute, defendant is not and will not be eligible for a youth offender parole hearing; therefore he is not entitled to a *Franklin* hearing.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant was arrested after the victim described him to the police as the person who had run toward him pointing a gun. A gang expert testified at trial that defendant was a member of a gang and that he had accosted the victim with a gun in order to benefit the gang. (*People v. Dorsey* (Apr. 5, 2006, G034957) [nonpub. opn.].)[1]

A jury found defendant guilty of brandishing a firearm (Pen. Code, § 417, subd. (a)(2)),[2] possession of a firearm by a felon (§ 12021, subd. (a)(1)), and street terrorism (§ 186.22, subd. (a)). The jury also found true sentencing enhancement allegations that the first two offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang with the intent to promote, further, or assist in criminal conduct by gang members. (§ 186.22, subd. (b)(1).) In a bifurcated bench trial, the court found true that defendant had suffered two prior serious and violent felonies. (§§ 667, subd. (a)(1), 1170.12, subds. (b) & (c)(2)(A).) (*People v. Dorsey, supra*, G034957.)

The trial court sentenced defendant to 35 years to life (25 years to life on count 2, plus two 5-year consecutive terms pursuant to section 667, subdivision (a), and

---

[1] Given the narrow issue on this appeal, we have provided a limited summary of the facts of the underlying case. A full statement of facts is available in our unpublished opinion in *People v. Dorsey, supra*, G034957.

[2] All further statutory references are to the Penal Code.

concurrent sentences of 25 years to life for counts 1 and 3).  (*People v. Dorsey, supra*, G034957.)

Defendant filed a notice of appeal from the judgment and, in an unpublished opinion, this court affirmed defendant's convictions and sentence.  (*People v. Dorsey, supra,* G034957.)  In 2014, following the California Supreme Court's holding in *People v. Rodriguez* (2012) 55 Cal.4th 1125 that a single gang member cannot be convicted of violating section 186.22, subdivision (a), the trial court vacated defendant's conviction on count 3 and dismissed one of the 5-year prior conviction sentencing enhancements.  Defendant was resentenced to an aggregate term of 30 years to life.

In August 2014, defendant filed a petition for recall of his sentence pursuant to section 1170.126, following the enactment of Proposition 36.  Defendant's petition was dismissed on the ground he was ineligible for resentencing under Proposition 36.

In November 2020, defendant filed a motion for a hearing pursuant to *Franklin, supra*, 63 Cal.4th 261.  The trial court found that because defendant had been sentenced under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), he is not and would not be entitled to a youth offender parole hearing, and therefore concluded he was not entitled to a *Franklin* hearing.  Defendant filed a timely notice of appeal.

DISCUSSION

Section 3051 defines a youth offender parole hearing as "a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger, or was under 18 years of age as specified in paragraph (4) of subdivision (b), at the time of the controlling offense."  (§ 3051, subd. (a)(1).)  Section 4801 provides that, in considering the suitability for parole of a prisoner at a youth offender parole hearing, the parole board "shall give great weight to

3

the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."  (§ 4801, subd. (c).)

Three Strikes defendants are ineligible for youth offender parole hearings pursuant to sections 1203.1 and 3051.[3]  (*People v. Moore* (2021) 68 Cal.App.5th 856, 863-864; *People v. Wilkes* (2020) 46 Cal.App.5th 1159, 1162, 1164.)

In *Franklin*, the California Supreme Court held that a defendant who will be eligible for a youth offender parole hearing at some point in the future must be "afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing."  (*Franklin, supra,* 63 Cal.4th at p. 284.)  In *In re Cook* (2019) 7 Cal.5th 439, 458-459, our Supreme Court held that the hearing authorized by *Franklin* was available by motion pursuant to section 1203.01 for those offenders whose sentences were final.  One of the requirements for relief in such a motion is to "establish the inmate's entitlement to a youth offender parole hearing."  (*Id.* at p. 458.)

In this case, the trial court, citing section 3051, subdivision (h), denied defendant's request for a *Franklin* hearing because, having been sentenced pursuant to the Three Strikes law, defendant was ineligible for a youth offender parole hearing. Although the court noted that defendant might still be eligible for early parole consideration under a different provision of the law, he was not entitled to a *Franklin* hearing.

---

[3]  "The court and the prosecuting attorney need not consider a defendant if the following circumstances exist:  [¶] (A) The defendant was convicted of any offense set forth in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."  (§ 1203.1, subd. (g)(3)(A).)
  "This section shall not apply to cases in which sentencing occurs pursuant to Section 1170.12, subdivisions (b) to (i), inclusive, of Section 667, or Section 667.61, or to cases in which an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age."  (§ 3051, subd. (h).)

Defendant concedes that he is not and will not be eligible for a youth offender parole hearing, but contends he is nevertheless entitled to a *Franklin* hearing. We disagree.

The relevant statutes and the cases interpreting them specifically exclude those sentenced under the Three Strikes law from entitlement to youth offender parole hearings. As *Franklin* and *In re Cook* only address the rights of those entitled to youth offender parole hearings, they have no application in this case. When defendant comes before the parole board, nothing will prevent him from presenting evidence of his youth and subsequent maturity. But he is not entitled to use the procedures of a *Franklin* hearing at this point in time.

DISPOSITION

The order denying defendant's motion for a *Franklin* hearing is affirmed.

FYBEL, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOORE, J.

5