Filed 6/3/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NATHANIEL GABRIEL PORTER,<br><br>    Defendant and Appellant. | H052404<br>(Santa Clara County<br>Super. Ct. Nos. 23TR019407,<br>23AP002908) |

Nathaniel Gabriel Porter (Porter) was convicted of a traffic infraction under Vehicle Code section 23123.5, subdivision (a) (hereafter section 23123.5(a)) for viewing a mapping application on his wireless telephone while holding the phone and driving.[1] Section 23123.5(a) prohibits drivers from "holding and operating" a handheld wireless telephone unless the telephone is used in a manner that allows voice-operated and hands-free operation. Porter appealed his traffic conviction to the appellate division of the Santa Clara County Superior Court and the appellate division reversed, concluding "operating" a wireless telephone requires active use or manipulation of the device. After the appellate division certified its opinion for publication, we transferred the matter to this court on our own motion. Based on the statutory language, legislative history, and public policy, we conclude Porter was operating his phone in violation of section 23123.5(a). We will reverse the judgment of the appellate division and order Porter's traffic conviction reinstated.

---

[1] Unspecified statutory references are to the Vehicle Code.

# I. FACTUAL AND PROCEDURAL BACKGROUND

After a police officer cited Porter for violating section 23123.5(a), he contested the citation. A trial was held before a Santa Clara County Superior Court traffic commissioner, where both Porter and the police officer agreed Porter was looking at a mapping application on his cellular telephone while holding the phone in his left hand and driving. Porter argued viewing a mapping application while driving did not violate section 23123.5 because the statute prohibited only listening and talking on a handheld phone. (*People v. Spriggs* (2014) 224 Cal.App.4th 150 (*Spriggs*) [reviewing section 23123, subd. (a)].) The traffic commissioner subsequently found Porter guilty of violating section 23123.5(a) and ordered him to pay a $158 fine.

Porter timely appealed his conviction to the appellate division of the superior court. He argued he was not "operating" a wireless telephone in violation of section 23123.5 when holding and looking at the mapping application on his phone because "operating" requires active manipulation. The prosecution argued the plain meaning of the statute, legislative history, and public policy confirmed Porter was "operating" his wireless telephone in violation of section 23123.5(a).

The appellate division reversed and dismissed Porter's conviction. Relying on *Spriggs*, *supra*, 224 Cal.App.4th 150, the court concluded "there must be something equated to carrying out a function, actively using or manipulating the phone while holding and driving. This may include talking, listening, emailing, browsing the internet, playing video games, or otherwise engaging with the smartphone. Merely observing GPS directions on the phone does not constitute the kind of active use or manipulation to trigger an infraction under the statute." The court reasoned that if the Legislature wanted to prohibit drivers from holding a cellular telephone and operating it for all purposes, it could have done so without incorporating the word "operating." Mindful of policy concerns regarding distracted driving stemming from technological advances, the

appellate division stated the Legislature may revisit the statute in the coming years for further amendments as cellular telephones continue to evolve.

After the appellate division granted Porter's request for publication, we transferred the matter to this court on our own motion to secure uniformity of decision and settle an important question of law. (Code Civ. Proc., § 911; Cal. Rules of Court, rule 8.1002.)

## II. DISCUSSION

As he did below, Porter argues he did not violate section 23123.5(a) because he was merely holding and observing his phone while driving, and the plain meaning of the word "operating" requires active manipulation in "*more* than one swipe or tap." He contends the word "operating" must be interpreted to mean something more than "holding." He also argues observing a wireless telephone is aligned with the statute's purpose of preventing distracted driving because looking at a phone's screen is less distracting than driving while operating a mounted phone with a single swipe or tap, which is permissible under section 23123.5, subdivision (c) (hereafter section 23123.5(c)). Porter contends holding and observing a wireless telephone is a common practice that should not be prohibited by the court and argues the statute is unconstitutionally vague if "operating" does not require ongoing manipulation.

The prosecution argues Porter's analysis contravenes the plain language of section 23123.5(a) and the common understanding of the word "operating" as control over an ongoing task. They also contend Porter's interpretation is contrary to legislative intent, as section 23123.5(a) was enacted to mitigate distracted driving stemming from technological advances in wireless telephones and in response to the court's decision in *Spriggs*, *supra*, 224 Cal.App.4th 150. They argue Porter's interpretation would lead to absurd consequences, such as a driver being allowed to hold their phone and watch a video while driving. Finally, the prosecution maintains the statute is not unconstitutionally vague. The prosecution asks us to reverse the judgment of the appellate division and reinstate Porter's conviction.

3

There are two elements necessary for a conviction under section 23123.5(a): "holding" and "operating." (See § 23123.5(a).) There is no factual dispute Porter was holding his wireless telephone in his left hand while driving. We must decide whether a person who is holding a wireless telephone while driving is "operating" the phone in violation of section 23123.5(a) by looking at an application on the phone's screen. This is a question of statutory interpretation, which we review de novo. (*Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 804.) The parties do not cite, and our research has not disclosed, any cases that have construed "operating" under section 23123.5. The issue is therefore one of first impression.

We conclude, pursuant to the rules of statutory interpretation, the term "operating" under section 23123.5 prohibits all use of a handheld phone's functions while driving, including looking at an application on the phone. The Legislature enacted the current version of section 23123.5(a) in response to distracted driving stemming from the expanded functionality of modern phones. Permitting a driver to view a phone's application while holding the phone would be contrary to the Legislature's intent and implicate safety concerns. We hold Porter violated section 23123.5(a) and affirm his conviction.

A. *Statutory Interpretation*

1. Principles of Statutory Construction

When interpreting a statute, " ' "[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider

other aids, such as the statute's purpose, legislative history, and public policy."
[Citation.] "[W]e consider portions of a statute in the context of the entire statute and the statutory scheme of which it is a part, giving significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose." ' [Citation]." (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616-617 (*City of San Jose*).) "The intent of the law prevails over the letter of the law, and ' "the letter will, if possible, be so read as to conform to the spirit of the act." [Citation.]' [Citation.]" (*People v. Canty* (2004) 32 Cal.4th 1266, 1276-1277.) Language in a penal statute that truly is susceptible to more than one reasonable interpretation is resolved in a defendant's favor, but a court " 'should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent.' [Citations.]" (*Id.* at p. 1277.)

        2.  <u>Statutory Language</u>

Section 23123.5(a) states: "[a] person shall not drive a motor vehicle while holding and operating a handheld wireless telephone or an electronic wireless communications device unless the wireless telephone or electronic wireless communications device is specifically designed and configured to allow voice-operated and hands-free operation, and it is used in that manner while driving." (§ 23123.5(a).)

We conclude the term "operating" under the statute is susceptible to more than one reasonable interpretation. Section 23123.5(a) prohibits a driver from both "holding *and* operating" a wireless telephone while driving. (§ 23123.5(a), italics added.) Because we give each word significance, "operating" must mean something more than holding. (See *Committee to Save the Beverly Highlands Homes Ass'n v. Beverly Highlands Homes Ass'n* (2001) 92 Cal.App.4th 1247, 1265.) There is, however, no plain and commonsense meaning of "operating" as written in section 23123.5(a). (See *City of San Jose*, *supra*, 2 Cal.5th at p. 616.) Section 23123.5 does not define "operating." Section 23123.5(c) describes permissible conduct when a phone is not held, stating a wireless telephone "may be operated in a manner requiring the use of the driver's hand" only if the device is

mounted on a windshield and "[t]he driver's hand is used to activate or deactivate a feature or function of the handheld wireless telephone . . . with the motion of a single swipe or tap of the driver's finger."[2] (§ 23123.5(c).) Porter thus asserts section 23123.5(c) clarifies the type of conduct permissible under section 23123.5(a)'s hands-free exception.

But section 23123.5(c) only concerns permissible conduct when a phone is mounted, while section 23123.5(a) refers to conduct while holding a phone. Section 23123.5(c) also allows a driver to interact with their mounted phone with "a single swipe or tap," but section 23123.5(a) does not include language regarding a single swipe or tap. (See § 23123.5, subds. (a), (c).) "Where the same word or phrase might have been used in the same connection in different portions of a statute but a different word or phrase having different meaning is used instead, the construction employing that different meaning is to be favored. [Citations.]" (*Playboy Enterprises, Inc. v. Superior Court* (1984) 154 Cal.App.3d 14, 21 (*Playboy Enterprises*)). We cannot construe section 23123.5(c) to define the conduct permissible under section 23123.5(a)'s hands-free exception. The remainder of section 23123.5 does not provide additional clarification.

Examining the text of section 23123.5(a) in the context of the entire statute and the statutory framework does not resolve the issue before us. (See *City of San Jose*, *supra*,

---

[2] The full text of section 23123.5(c) states: "[a] handheld wireless telephone or electronic wireless communications device may be operated in a manner requiring the use of the driver's hand while the driver is operating the vehicle only if both of the following conditions are satisfied:

"(1) The handheld wireless telephone or electronic wireless communications device is mounted on a vehicle's windshield in the same manner a portable Global Positioning System (GPS) is mounted pursuant to paragraph (12) of subdivision (b) of Section 26708 or is mounted on or affixed to a vehicle's dashboard or center console in a manner that does not hinder the driver's view of the road.

"(2) The driver's hand is used to activate or deactivate a feature or function of the handheld wireless telephone or wireless communications device with the motion of a single swipe or tap of the driver's finger."
(§ 23123.5(c).)

6

2 Cal.5th at p. 616.) The statutes surrounding section 23123.5 also address distracted driving stemming from wireless telephone use, but none define "operating." Section 23123, subdivision (a) (hereafter section 23123(a)) states "[a] person shall not drive a motor vehicle while using a wireless telephone unless that telephone is specifically designed and configured to allow hands-free listening and talking, and is used in that manner while driving." (§ 23123(a).) Section 23124 prohibits a person under the age of 18 years from driving while "while using" a wireless telephone, "even if equipped with a hands-free device." (§ 23124, subds. (a), (b).) Section 23125 prohibits a person from driving a school bus or transit vehicle "while using" a wireless telephone. (§ 23125, subd. (a).) These statutes prohibit the "use" of wireless telephones as described within the specific subdivisions, but do not address the meaning of "operating" as written in section 23123.5(a). As two distinct terms, we cannot construe "using" and "operating" to have the same meaning under different statutes. (See *Playboy Enterprises*, *supra*, 154 Cal.App.3d at p. 21.)

Porter argues "operating" a device under section 23123.5(a) must require something more than a single swipe or tap because "using" under section 23123(a) only prohibits "listening and talking." (See *Spriggs*, *supra*, 224 Cal.App.4th at pp. 156, 165.) As Porter correctly notes, section 23123(a) and section 23123.5(a) both allow for permissible conduct under a hands-free exception, but section 23123(a)'s hands-free exception defines the type of permissible conduct while section 23123.5(a)'s hands-free exception does not. Section 23123(a) prohibits "using" a wireless telephone unless the device is configured to allow "hands-free listening and talking." (§ 23123(a).) Section 23123.5(a) forbids "operating" a wireless telephone unless the device is configured to allow "voice-operated and hands-free operation." (§ 23123.5(a).) The exception under section 23123.5(a) provides no clarity on the issue before us because the activity permitted in the exception ("operation") is the conduct we aim to define ("operating").

7

Absent a specific statutory definition of a term, courts may look to the term's dictionary definition to determine the plain meaning as understood by an ordinary person. (*People v. Walker* (2024) 16 Cal.5th 1024, 1035.)  Two typical definitions of the verb "operate" are "[t]o control the functioning of" or "run."  (American Heritage Dict. of the English Language (5th ed. 2016) p. 1236, col. 1.)  Reasonable minds could differ as to whether a person is "controlling the functioning of" or "running" a wireless telephone by viewing the phone's screen to consult a mapping application, presumably after opening the application and entering an address.  These dictionary definitions do not assist in the understanding of the term "operating" under the section 23123.5(a).

Case law does not shed further light on the definition of "operating" under section 23123.5(a).  In *Mercer v. Department of Motor Vehicles* (1991) 53 Cal.3d 753, the Supreme Court addressed whether the state could suspend or revoke a driver's license for failure to submit to chemical testing in the absence of evidence of observed volitional movement of a vehicle under two sections of the Vehicle Code not at issue here.  (*Id.* at p. 757.)  The Court determined "driving" under the influence required volitional movement of the vehicle.  (*Id.* at pp. 763, 768.)  In reaching this decision, the Court compared "driving" with "operating" and discussed how the word "operate" has a broader meaning that includes acts that engage with the vehicle's machinery to set the vehicle in motion.  (*Id.* at pp. 763-767.)  In *People v. Nelson* (2011) 200 Cal.App.4th 1083, the court interpreted "drive" and "while driving" under section 23123(a) to include listening to a handheld wireless telephone while paused at a traffic light.  (*Id.* at pp. 1087, 1089, 1105.)  The *Nelson* court noted the Legislature used "drive" and "operate" interchangeably in the body of section 23123 and in the legislative history, suggesting the Legislature was concerned with the use of handheld wireless telephones on public roadways, not only when vehicles are in motion.  (*Id.* at pp. 1100-1103.)  The court used "using" and "operating" interchangeably when referring to the defendant's wireless phone, but this was done in passing with no analysis.  (See *id.* at p. 1105.)  Both *Mercer*

8

and *Nelson* generally describe the term "operate" to mean something broader than "drive" but do not interpret "operating" in the context of utilizing wireless technology while driving.

Porter contends the "usual definition" of "operating" in case law confirms "operating" requires active manipulation. (*Spriggs*, *supra*, 224 Cal.App.4th 150; *People v. Sanchez* (1998) 62 Cal.App.4th 460, 471 (*Sanchez*); *Souza v. Corti* (1943) 22 Cal.2d 454, 457; *People v. Superior Court* (*Chagolla*) (2024) 102 Cal.App.5th 499, 517-518, (*Chagolla*).) We do not find the cases he cites dispositive, as they do not refer to "operating" a wireless telephone under the pertinent statute or clarify whether "operating" would include merely looking at a phone's screen while driving. In *Spriggs*, the court reviewed the extent of conduct prohibited by the term "using" under section 23123(a). (*Spriggs*, at p. 154.) The *Sanchez* court interpreted "operates" under Penal Code section 327.[3] (*Sanchez*, at pp. 464, 471.) In *Souza*, the Supreme Court, in considering whether the owner of a car was liable for personal injury damages under former Vehicle Code section 402[4] if he had not given permission to the driver to operate his car, discussed the distinction between "using" and "operating" under New York law. (*Souza*, at pp. 455-458.) The *Chagolla* court analyzed the meaning of "operating" a motor vehicle when determining whether probable cause to support implied malice murder or proximate causation under Vehicle Code sections 2800.1 and 2800.3 could be

---

[3] Penal Code section 327 states, in pertinent part: "[e]very person who contrives, prepares, sets up, proposes, or operates any endless chain is guilty of a public offense, and is punishable by imprisonment in the county jail not exceeding one year or in state prison for 16 months, two, or three years." (Pen. Code, § 327.)

[4] At the time, Vehicle Code section 402 stated, in pertinent part: " 'Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner . . . .' " (*Souza*, *supra*, 22 Cal.2d at p. 455.) Vehicle Code section 402 is now Vehicle Code section 17150. (See *Jones v. Ayers* (1963) 212 Cal.App.2d 646, 655-656.)

inferred when an intoxicated defendant unintentionally remained in a vehicle after a crash.[5]  (*Chagolla*, at pp. 516-518.)

In short, the plain language of section 23123.5 does not define or provide context from which to construe the meaning of the term "operating" under subdivision (a).  The statutory framework, dictionary definitions, and case law do not provide further clarity.  The surrounding statutes prohibit "using" a wireless telephone, and existing case law does not interpret "operating" under the pertinent section or in circumstances similar to those before us.  Given the ambiguity of the term "operating" in section 23123.5, we now examine the statute's legislative history and purpose.  (*City of San Jose*, *supra*, 2 Cal.5th at pp. 616-617.)

3. <u>Legislative History</u>

When statutory language is ambiguous or susceptible to more than one reasonable construction, "courts look to the statute's legislative history and the historical circumstances behind its enactment.  [Citation.]"  (*Klein v. United States of America* (2010) 50 Cal.4th 68, 77.)  A reviewing court must choose "the construction that comports most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute.  [Citations.]"  (*Allen v. Sully-Miller Contracting Co.* (2002) 28 Cal.4th 222, 227.)

Porter does not address the legislative history of section 23123.5 (a), other than asserting his conduct is aligned with the statute's purpose of preventing distracted driving because it occupies less of a driver's attention than driving while swiping or tapping at a

---

[5] "Vehicle Code section 2800.1, subdivision (a) provides in pertinent part that '[a]ny person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty of a misdemeanor.'  In turn, Vehicle Code section 2800.3, subdivision (b) states: 'Whenever willful flight or attempt to elude a pursuing peace officer in violation of Section 2800.1 proximately causes death to a person, the person driving the pursued vehicle, upon conviction shall be punished by imprisonment in the state prison for a term of 4, 6, or 10 years.' "  (*Chagolla*, *supra*, 102 Cal.App.5th at p. 518.)

mounted wireless telephone, acts permissible under the subdivision (c). The prosecution maintains the legislative history supports an interpretation that prohibits a driver from holding their phone and looking at GPS while driving.[6] Specifically, they argue the Legislature enacted section 23123.5(a) in response to the court's decision in *Spriggs*, *supra*, 224 Cal.App.4th 150 to address distracted driving caused by all uses of wireless telephones while driving. They also argue the appellate division erred in neglecting to consult the legislative history.

Our review of the legislative history behind the enactment of section 23123.5 persuades us that by its choice to employ the term "operating," the Legislature intended to prohibit all handheld functions of wireless telephones while driving. The Legislature enacted the current version of section 23123.5 to reduce distracted driving resulting from advancements in modern phones and to encourage drivers to keep their eyes on the road. Aligned with the Legislature's intent, we conclude "operating" prohibits a driver from viewing a mapping application on a handheld wireless telephone.

The adoption of section 23123.5 added to a legislative scheme designed to limit wireless telephone use while driving. In 2006, the Legislature created the California Wireless Telephone Automobile Safety Act and added section 23123 to the Vehicle Code through Senate Bill No. 1613 (2005-2006 Reg. Sess.). (Stats. 2006, ch. 290, §§ 1, 4-5, pp. 2366-2368, as amended by Stats. 2007, ch. 214, §§ 2-3, pp. 2550-2553.) One year later, Senate Bill No. 33 (2007-2008 Reg. Sess.) added section 23124 to the Vehicle

_____

[6] The prosecution requests the court take judicial notice of the legislative history materials cited within their response brief. (Evid. Code, §§ 452, 453.) Porter does not address the request but does not oppose the request for judicial notice. We deny the request. The prosecution has not filed a separate motion to obtain judicial notice. (See Cal. Rules of Court, rule 8.252(a).) In addition, the legislative materials cited within their brief have been published. It is unnecessary to seek judicial notice of published legislative materials, and we " 'consider the request for judicial notice as a citation to those materials that are published.' [Citation.]" (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1129, fn. 4.)

Code, prohibiting a person under the age of 18 years from driving while using a wireless telephone. (Stats. 2007, ch. 214, § 4, pp. 2550-2553, as amended by Stats. 2013, ch. 754, § 1.) In 2008, former section 23123.5 was added to the Vehicle Code through Senate Bill No. 28 (2007-2008 Reg. Sess.) and prohibited driving "while using an electronic wireless communications device to write, send, or read a text-based communication." (Former § 23123.5, subd. (a); Stats. 2008, ch. 270, § 2, pp. 2253-2254, as amended by Stats. 2012, ch. 92, § 1 and repealed by Stats. 2016, ch. 660, § 1.)

In 2014, in a case of first impression, the *Spriggs* court reviewed the scope of activities prohibited by the term "using" under section 23123(a). (*Spriggs*, *supra*, 224 Cal.App.4th at p. 154.) The driver in *Spriggs* was found guilty of violating section 23123(a) because he was looking at a map on his cellular phone while holding the phone in his hand and driving. (*Id.* at p. 153.) After the appellate division affirmed his conviction, the driver asked the case to be certified for transfer to the Court of Appeal. (*Ibid.*) The Court of Appeal construed "using" under section 23123(a) as only prohibiting listening and talking while holding a wireless telephone in one's hand and driving because the statute's exception specifically states the telephone must be used in a manner that allows for "hands-free listening and talking." (*Id.* at p. 156.) The court explained: "[h]ad the Legislature intended to prohibit drivers from holding the telephone and using it for all purposes, it would not have limited the telephone's required design and configuration to 'hands-free listening and talking,' but would have used broader language, such as 'hands-free operation' or 'hands-free use.' " (*Ibid.*) The court then concluded the legislative and executive history of section 23123(a) supported its interpretation, the prosecution's interpretation was contrary to legislative intent, and the Legislature's subsequent enactments of sections 23124 and 23123.5 confirmed it intended section 23123 to only prohibit a driver from holding a phone while talking on it. (*Id.* at pp. 157-165.)

12

In 2016, the Legislature repealed the former version of section 23123.5 and adopted the current version of section 23123.5 through Assembly Bill No. 1785 (2015-2016 Reg. Sess.). (Stats. 2016, ch. 660, §§ 1-2, as amended by Stats. 2017, ch. 297, § 1.)[7] The Assembly Transportation Committee (Committee) clarified Assembly Bill No. 1785 was introduced to mitigate issues that arose after the court's decision in *Spriggs*. (Assem. Com. on Transportation, Analysis of Assem. Bill No. 1785 (2015-2016 Reg. Sess.) Apr. 8, 2016, pp. 2-3.) The Committee described the existing statutory ban as "too narrow" because modern phones now acted as pocket-sized computers with functions and distractions that went "far beyond simply making and receiving telephone calls." (*Id.* at p. 2.) It specifically highlighted the increased dangers of distracted driving due to phone capabilities such as "global positioning, [] video streaming, [and] photography." (*Ibid.*) Both the Assembly Committees on Transportation and Appropriations concluded the bill would clarify a person is prohibited from using a wireless telephone "for *any* purpose" while driving, encompassing "all distracting mobile device-related behavior." (*Id.* at p. 3, italics added; see also Assem. Com. on Appropriations, Analysis of Assem. Bill No. 1785 (2015-2016 Reg. Sess.) May 9, 2016, p. 2.)

However, the Assembly Transportation Committee was concerned with the bill's terminology. At this point, Assembly Bill No. 1785 (2015-2016 Reg. Sess.) was drafted to prohibit a person from driving while "using" a wireless device unless that use was hands-free. (Assem. Bill No. 1785 (2015-2016 Reg. Sess.) as amended Mar. 28, 2016; see also Assem. Bill No. 1785 (2015-216 Reg. Sess.) as amended Apr. 5, 2016.) The Committee stated the term "using" did not clearly communicate the bill's intent to prohibit all distracting mobile device-related behavior because, under *Spriggs*, "using"

---

[7] In 2017, Assembly Bill No. 1222 (2017-2018 Reg. Sess.) amended section 23123.5 to remove a specialized mobile radio device and a two-way messaging device from the list of devices included as an electronic wireless communications device under subdivision (f), effective January 1, 2018. (Stats. 2017, ch. 297, § 1.) These changes do not impact our analysis of "operating" under section 23123.5.

would be construed as limited to a driver conversing on a phone. (Assem. Com. on Transportation, Analysis of Assem. Bill No. 1785 (2015-2016 Reg. Sess.) Apr. 8, 2016, p. 3.) The Committee encouraged the bill's author to continue working on the language to clearly communicate the bill's intent by specifying for what purposes a mobile device may not be used while driving. (*Ibid.*)

The Legislature's response to the Assembly Transportation Committee's concerns provides insight into the definition of "operating." The Assembly did not specify or list any prohibited purposes under the bill. Instead, the Assembly replaced "using" under subdivision (a) with "operating a handheld" wireless telephone. (Assem. Bill No. 1785 (2015-216 Reg. Sess.) as amended May 27, 2016.) By making this single revision, the Assembly communicated the term "operating" would accomplish the bill's intent by encompassing all distracting mobile device-related behavior and prohibiting the use of a handheld phone for any purpose while driving. The Assembly also added language under subdivision (c) to provide an exception to the prohibition on operating a handheld telephone that permits use of a mounted wireless telephone "operated solely to activate or deactivate a feature or function with the motion of a single swipe or tap of the driver's finger." (*Ibid.*) These two changes, in conjunction, illustrate the Legislature sought to prevent drivers from holding a phone and using its applications in any way when driving, while allowing phone use involving a single swipe or tap if the phone is mounted. (See also Sen. Com. on Transportation and Housing, Analysis of Assem. Bill No. 1785 (2015-2016 Reg. Sess.) June 23, 2016, at p. 2 ["[A] driver may not operate an electronic device that is held in his or her hand while driving [and] may only use a device if it is mounted on the windshield and operated by a single swipe or tap of the driver's finger."].) The Legislature wanted drivers to keep their eyes on the road. (See Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1785 (2015-2016 Reg. Sess.) Aug. 5, 2016, p. 5 [describing the bill as banning "all handheld use. . . without reference

14

to the purpose of that use" and only providing an exception for mounted devices that do not hinder the driver's view of the road].)

The following year, the bill's author confirmed Assembly Bill No. 1785 was written " 'to update our distracted driving laws so that statute is reflective of the various activities smartphones can do. Until last year, California law was silent on whether or not a driver could hold a smartphone to scroll through a music playlist, take a selfie or play video games – even though these activities are equally, if not more, distracting than texting (which, along with holding a phone to make a call, was the only activity explicitly prohibited).' " (Sen. Com. on Transportation and Housing, Analysis of Assem. Bill No. 1222 (2017-2018 Reg. Sess.) July 6, 2017, p. 2.)

We conclude the Legislature intended "operating" under section 23123.5 to prohibit a driver from any use of a handheld phone's functions. The legislative history makes clear the current version of section 23123.5 was enacted post-*Spriggs* to strengthen distracted driving laws by preventing a driver from holding and using their phone for any purpose while driving. Instead, the Legislature intended drivers to interact solely with a mounted phone via a single swipe or tap to ensure the driver's view of the road was not restricted. Allowing a driver to hold a phone and view a mapping application, even if not touching the phone's screen, would be contrary to the Legislature's intent in enacting section 23123.5.

### 4. Policy Considerations

Along with legislative history, the court may look to other extrinsic aids, such as the statute's purpose and public policy, to interpret an ambiguous statute. (See *City of San Jose*, *supra*, 2 Cal.5th at pp. 616-617.) "[T]he court may consider the impact of an interpretation on public policy, for '[w]here uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation.' [Citation.]" (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663 (*Mejia*).) "It is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so

15

would result in absurd consequences which the Legislature did not intend. [Citations.]" (*Bruce v. Gregory* (1967) 65 Cal.2d 666, 673-674, fn. omitted.) As discussed above, the Legislature passed section 23123.5 post-*Spriggs* to reduce the harms of distracted driving. We interpret section 23123.5 with this policy consideration in mind. (See *Mejia,* at pp. 671-672.)

The appellate division determined the prosecution's interpretation of section 23123.5 could lead to a driver being subjected to fines by simply holding a wireless telephone in the "on" position while driving. Similarly, Porter argues "operating" must mean something more than "holding." The prosecution contends accepting Porter's interpretation of "operating" would lead to absurd results contrary to legislative intent, such as permitting a driver to read an article or watch a video while driving.

Allowing a driver to hold a phone and observe the screen while driving is contrary to the statute's purpose. The Legislature passed Assembly Bill No. 1785 due to safety concerns caused by drivers distracted by modern phones, which are treated as handheld computers. The Legislature explicitly mentioned video streaming, photography, and mapping as examples of the new distractions available on modern wireless telephones and made clear it wanted drivers to interact only with a mounted phone, and only with a single swipe or tap. If a driver is only in violation of section 23123.5(a) when touching the screen of a handheld wireless telephone, an individual would not violate the statute by starting a video prior to driving and holding their phone in their hand to watch the video while driving. It would also not be a violation to hold the telephone in one's hand while driving and read an electronic book, or set a timer and take photographs, or livestream a drive on social media. We agree with the prosecution that such outcomes would be contrary to the Legislature's intent to reduce the risks associated with distracted driving.

We are mindful of the concerns raised by Porter and the appellate division. We do not hold section 23123.5 prohibits a driver from holding a phone that is turned off or is turned "on" but has the screen locked so applications and notifications are inaccessible by

16

the driver. Under those circumstances, the device is no different than an object, such as a cup of coffee or can of soda. Section 23123.5(a) requires a driver to be "holding *and* operating" a phone to be subject to fines. (§ 23123.5(a), italics added.) The Legislature added both terms to Assembly Bill No. 1785 over the course of the bill's introduction to passage, and we consider each term as distinct from the other. (*Mendoza v. Nordstrom, Inc.* (2017) 2 Cal.5th 1074, 1087 ["[T]he Legislature does not engage in idle acts, and no part of its enactments should be rendered surplusage if a construction is available that avoids doing so. [Citations.]"].) When the legislative history of section 23123.5 is considered in conjunction with the statute's language, it is apparent the Legislature passed section 23123.5 to reduce the risks of distracted driving by prohibiting a driver from holding and using a phone's functions in any manner while driving. It did not intend to broaden the prohibition to bar a driver from merely holding a wireless telephone while driving.

     5. Conclusion

The statutory language of section 23123.5(a) is susceptible to more than one reasonable interpretation. Based on the legislative history of section 23123.5 and public policy, we conclude "operating" under section 23123.5(a) prohibits all uses of a handheld wireless telephone's functions while driving, including observing a mapping application. This interpretation conforms with the spirit of the act to prevent distracted driving stemming from modern phone use and to encourage drivers to keep their eyes on the road. Accordingly, Porter violated the statute when he held his wireless telephone to look at a mapping application while driving.

    B. *Due Process Concerns*

For the first time on appeal, Porter argues section 23123.5(a) is unconstitutionally vague because there are different interpretations of the term "operating" and a person of common intelligence would not know what conduct is prohibited after consulting the dictionary and case law. According to Porter, section 23123.5(a) would fail the

17

definiteness requirement unless "operating" means active use or manipulation. The prosecution asserts section 23123.5 is not unconditionally vague and the court can clarify the statute's meaning in accordance with the Legislature's intent to overcome vagueness concerns.

"The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) "[A] law that is 'void for vagueness' not only fails to provide adequate notice to those who must observe its strictures, but also 'impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.' [Citation.]" (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1116 (*Acuna*).) A defendant may raise a vagueness challenge for the first time on appeal when the challenge presents a pure question of law that the appellate court can resolve without reference to the sentencing record. (See *Sheena K.*, at p. 889.)

In determining whether a statute is sufficiently clear, we must look to the statute's language, then to its legislative history, and lastly to California decisions construing the statutory language. (*Walker v. Superior Court* (1988) 47 Cal.3d 112, 143 (*Walker*).) We "require citizens to apprise themselves not only of statutory language but also of legislative history, subsequent judicial construction, and underlying legislative purposes. [Citations.]" (*Ibid.*) A statute " 'cannot be held void for uncertainty if any reasonable and practical construction can be given to its language' " and " 'must be upheld unless [its] unconstitutionality clearly, positively, and unmistakably appears.' " (*Ibid.*) To prevail on vagueness grounds, a litigant must demonstrate the law is " 'impermissibly vague in *all of its applications*.' [Citations.]" (*Acuna*, *supra*, 14 Cal.4th at p. 1116.)

18

Here, we review the constitutionality of section 23123.5 as a pure question of law. (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)  We are sympathetic to Porter's argument that the term "operating" under section 23123.5(a) is susceptible to different interpretations. But "[t]he fact that a statute contains 'one or more ambiguities requiring interpretation does not make the statute unconstitutionally void on its face.' [Citation.]" (*Nisei Farmers League v. Labor & Workforce Development Agency* (2019) 30 Cal.App.5th 997, 1013.)  We are able to give the term "operating" a reasonable construction after closely reviewing section 23123.5's legislative history and underlying purposes defined throughout the legislative process.  (See *Walker*, *supra*, 47 Cal.3d at pp. 143-144; *Bowland v. Mun. Court for Santa Cruz County Judicial Dist.* (1976) 18 Cal.3d 479, 492 [statute was not unconstitutionally vague because legislative intent was apparent].) Based on this analysis, we conclude the Legislature's purpose is not vague:  its intent is to prohibit drivers from holding and using a phone's functions in any manner while driving.  We conclude that section 23123.5 is not unconstitutionally vague.

## III. DISPOSITION

The judgment of the appellate division is reversed.  Porter's traffic conviction is hereby reinstated.

_____
Greenwood, P. J.

WE CONCUR:


_____
 Danner, J.




_____
 Bromberg, J.




H052404 People v. Porter

Trial Court:                                  Santa Clara County Superior Court
                                              Superior Court Nos.:  23TR019407,
                                              23AP002908


Trial Judges:                                 The Honorable Steven L. Yep, Commissioner,
                                              The Honorable Mary E. Arand


Pro Per Defendant and Appellant              Nathaniel Gabriel Maranwe
Nathaniel Gabriel Porter:


Attorneys for Plaintiff and Respondent       Jeffrey F. Rosen,
The People:                                   District Attorney, County of Santa Clara

                                              Grace H. Kouba
                                              Deputy District Attorney


People v. Porter
H052404